Morphy, J.
delivered the opinion of the court.
This is an appeal from a judgment avoiding and setting aside a sale on the ground of error in the motive which induced the purchase. The plaintiff sold, conveyed and set over to defendants all his pretensions to a certain tract of land lying and being in the parish of Assumption. At the time of the sale both parties knew that the title to the land was in the United States; but both were ignorant that it had been long before comprised within the live oak reservations, and could not be bought from government. The defendants who resist the payment of the price, say that the expectation of being able one day to buy this land from the United States was the motive which to the knowledge of plaintiff, influenced their will and determined them to enter into this contract; and they were led by plaintiff to believe that he had that sort of possession which from time to time Congress has approved of as entitling the possessor to a preference in a purchase from the United States; [447] and that it was only after the purchase that they discovered the fact that this land would probably never be offered for sale; being reserved and set apart for naval purposes. It is contended on the part of the plaintiff, that he did not sell or pretend to sell the land, or any title to it, but only his pretensions such as they were; that he had the peaceful possession and enjoyment of this land and of the improvements he had made on it and was entitled to be maintained therein against all the world except only the United States; that he sold this possession and enjoyment and the hope that the United States would permit it to be continued. The term pretensions employed in the deed of sale might well be considered as embracing only the mere use or enjoyment which the plaintiff had of the land and the chance of its continuance without interruption: this could surely have been the object of a sale. La. Code, -1879, 2424, 2426. But this testimony shows, we think, what the parties themselves actually understand by the expression, pretensions to the land. Before the bargain was made, they were heard conversing together about the sale and more particularly about the means by which the land could be purchased from the United States, and shortly after, the defendants expressed the wish of making immediate application for the purchase of the land, and gavé the numbers of the sections, townships, range, &c., to a person to take the necessary steps. From this conversation between the parties it is clear that üie¡pretensions intended to be conveyed were those which plaintiff’s possession was supposed to entitle him to in preference to other persons in a purchase from the United States, but both parties were then ignorant that the land had been by *272 the proper authorities and under a law of Congress selected and set apart to secure the live oak growing on it for naval uses: had the purchasers heen aware of that appropriation which precluded them, in the event of a passage of a pre-emption law, from availing themselves of its provisions, it may well be [44S] presumed that they would not have purchased; although there was not at the time of the sale an existing law in favor of actual settlers, yet it was a matter of general expectation, subsequently realized by the action of Congress, that one would be shortly passed and these defendants sought to acquire a settlement which such a law would protect. This law was passed, but defendants could not enter the land because, by reason of its reservation, the plaintiff had not acquired to it those pretensions which were intended to be transferred to defendant; the motive that induced the purchase was made known to the plaintiff, who himself was in error, as well as defendant, as to the right to the land supposed to exist in him and which formed the true consideration of this contract. La. Code, arts. 1819, 1820. But even were this case doubtful with us, we would come to the same conclusion. The price stipulated for the plaintiff’s pretensions was a large one, and in a case of doubt would incline in favor of a party striving to avoid a loss against one seeking to obtain a gain.
It is therefore ordered that the judgment of the district court be affirmed with costs.