No. 81.—Daniel Brown et al. *v.* A. V. Roberts, Administrator.

An administrator cannot be permitted to resist an application for an order to sell the property of the succession founded on a judgment against the estate, by setting up unliquidated claims in reconvention against the judgment creditor.

A contract of lease without a lawful cause cannot be made the basis of a demand for rent.

APPEAL from the Tenth Judicial District Court, parish of DeSoto. *Weems*, J. *T. T. & T. T. Land*, and *Pierson & Levy*, for plaintiffs and appellees, *Elam & Wemple* for defendant and appellant.

Ludeling, C. J. A. V. Roberts, Administrator, instituted a petitory action against the plaintiffs in this suit and obtained a decree declaring the lands claimed to belong to the succession of Samuel and Susan Quarls. This judgment was affirmed on appeal, but the case was remanded with instructions to the District Court to settle and determine the claims of the parties for improvements and revenues. On the twenty-third day of December, 1859, this branch of the case was

tried and decided in the District Court, there was judgment in favor of the defendants, Brown et al. for eighteen thousand dollars, with legal interest from the date of the decree. On appeal this judgment was affirmed by the Supreme Court. By the terms of the decree no writ of possession was to be issued for the land, until the judgment for the value of the improvements had been settled. On the fourth of November, 1861, Brown et al. applied to the court for an order of sale to sell the land aforesaid to pay their debt. A. V. Roberts, administrator, opposed this order, on the ground that this judgment had been settled in the manner following: that in January, 1860, the administrator leased all the plantation for that year to Daniel Brown, except two hundred acres, which was leased to John F. Hailey, with the consent of Daniel Brown; that Brown was to pay two thousand and sixteen dollars, and Hailey one thousand dollars, and that Brown collected the thousand dollars from Hailey; that Brown continued to occupy the plantation until the twenty-third of November, 1866, without giving any notice of his intention to terminate the lease, and he claims rents from said Brown at the rate of three thousand and sixteen dollars per annum for the time he occupied the plantation, being in the aggregate twenty-one thousand one hundred and twelve dollars.

He further alleged that Brown et al. had cut and sold cord wood off the place since the rendition of the judgment in the case of A. V. Roberts, administrator v. Brown et al. to the amount of five thousand dollars. That they had removed the fences on the place worth four thousand dollars, that they had removed the gin house, gin stand and press, or by their negligence permitted them to be removed, or let them fall into decay and ruin, and that said property was worth one thousand dollars, and finally that they have committed general waste or permitted damages to be done by their negligence to the extent of two thousand dollars; and he prayed for judgment in reconvention for any excess over the judgment of Daniel Brown et al.

The plaintiffs excepted to this mode of proceeding on the ground that the plaintiffs' demand is based on a final judgment, and the sums pleaded in compensation and reconvention are unliquidated, and because the claims are alleged to have accrued after the filing of plaintiffs' petition, and after defendant had been put in mora under the judgment in favor of themselves. The judge a quo sustained the exception and ordered that the claims set up by Roberts, administrator, be disregarded, except the claim for rents. On the trial there was judgment in favor of Brown et al. ordering the sale of the lands before mentioned to pay the judgment in favor of Brown et al., and rejecting the demand for rents. A. V. Roberts, administrator, has appealed.

The ruling of the judge a quo sustaining the exception to the pleas in reconvention was correct. It has been repeatedly decided that an

*unliquidated* claim against the plaintiff in execution will not authorize an injunction to restrain the execution of a writ of *fieri facias.* 5 An. Smith *v.* Foster, 551 ; 6 An. Cox *v.* McIntyre, 471; 14 An. Henford *v.* Babin, Sheriff, 331.

The same reason exists for not permitting an administrator of a succession to resist an application for an order to sell property of the succession, when the application is based on a judgment which gives the plaintiff a right to be paid by preference out of the property to be sold. We will notice the question whether Brown was responsible for rents for the years 1860, 1861 and following, as the District Court passed on this question. It appears from the record that on the second of January, 1860, Brown and Roberts, administrator, entered into an agreement by which the latter leased to the former the plantation which had been and was the subject of controversy between them. At that time an appeal was pending in the Supreme Court, from a judgment in favor of Brown *et al.* for ei<sub> </sub>ghteen thousand dollars, and which judgment maintained Brown *et al.* in the possession of the plantation until the said sum should be paid to them or be deposited in court.

Both parties have testified in this case, and from their testimony it appears that both parties expected that a final decision by the Supreme Court would be made in that case in August, 1860 ; and that the agreement relative to the lease was made in consequence of such expectation. *In fact,* however, the final decision was not made until April, 1861. Thus, then, it appears, that, under the decision in the case of Roberts, administrator *v.* Daniel Brown *et al.*, and the law, Brown *et al.* had a right to the possession and occupation of the plantation until the final decision of that suit, and the payment of the amount due them by the succession. C. C. art. 3416.

Therefore, no rent could be due by them until the decree of the court had been complied with by the administrator or the heirs.

It is evident from the evidence in the record that the contract of lease was without a cause.

It was *expected* that the administrator would be entitled to get possession in August, 1860, but the decision was not made until 1861; and up to the present time the representative of the succession has failed to pay the judgment in favor of Brown *et al.*, which alone would give him a right to the possession of the plantation. 3 M. 168, Syndics of Bermudez *v.* Ibanez.

"The contract is also considered as being without a cause, when the consideration for making it was something which, in contemplation of the parties, was thereafter expected to exist or take place, and which did not take place or exist," etc. C. C. 1891 ; 17 La. 445; Theriot *v.* Chaudoir *et al.*, § § 462 and 464, Story on Contracts.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs of appeal.