PROVOSTX, J.
The plaintiff and the defendant and their sisters, Mrs. McDermott and Mrs. Herndon, are the Willis heirs. In 1872, a tract of land of 35 acres, inherited by them, was, for convenience, put of record in the name of their lawyer, and in 1883, still for convenience, was put in the name of defendant. In 1896, defendant executed an act of sale conveying to Mrs. McDermott 8% acres of the land in severalty,
“Same being,” says the act, “]4 of the land belonging to the Willis heirs as inherited from Heirs of Nicholson heirs. This transfer is made for the purpose of transferring to the said 'Mrs. McDermott the property which is hers by inheritance.”
[1] Plaintiff and Mrs. Herndon were not parties to this deed, and this was objected to as a defect in Mrs. McDermott’s title when, in 1907, she sought to borrow money on the property. To correct this defect she caused an act under private signature to be drawn up, and procured the signatures of her coheirs to it. This act recites the foregoing facts, and contains the following further statement: “Mrs. Herndon and W. T. Willis *880 have also received their share of said property.” W. T. Willis is the plaintiff. Mrs. Herndon, by an agreement not evidenced by any writing, had theretofore relinquished her interest in this 35 acres of land in consideration of the relinquishment in her favor by defendant of a like interest in another piece of real estate belonging in like manner jointly to the Willis heirs; but plaintiff contends that his one-fourth interest has never been divested, and brings this suit to have it recognized. He alleges in his petition that he signed the said act under private signature without having read it, and not knowing that it contained the said statement of his having received his share of said property. Defendant, on the other hand, alleges in her answer that she purchased plaintiff’s interest, and that plaintiff signed the said statement after reading, and knowingly; and she testified on the witness stand that the price of the purchase was $10. Mr. McDermott, who carried the document to plaintiff for his signature, testifies that plaintiff did read it; but plaintiff positively denies that he did, and is corroborated by an entirely disinterested witness who was with him at the moment, engaged in making a settlement of accounts with him, who testifies positively that plaintiff did not read the document, but that, upon its being presented to him with the remark that its object was to straighten out the title of Mrs. McDermott, he simply affixed his signature without reading. Mr. McDermott has no pecuniary interest in the case, but his testimony, evidently, did not make a favorable impression upon the trial judge, who decided in favor of plaintiff, and does not upon us. It was he who had had the said document confected and was responsible for the said statement; and he may have been under the impression that the falsification of that statement would reflect upon him. The testimony of the defendant touching the $10 payment is hardly credible. She enters into details which it would seem al- ( most impossible that one could remember after some 30 years, which was the space of time between the alleged payment and the giving of her testimony. The land was of little value it is true, lying open, unfit for cultivation, and having only cordwood timber on it. Still it had been -adjudicated to the lawyer in 1872 at $1,225; its assessment for taxation at the time of the alleged purchase was $400 and $450, supposedly on a 50 per cent, basis; lands around it sold at and about that time at $9 and $10 an acre and more, so that this alleged $10 for 8% acres would have been out of all proportion. Plaintiff, as a witness, makes, on the contrary, a favorable impression ; and all the probabilities are with him. In 1903 he fenced and cleared 8% acres of the •land, and cultivated same. Defendant says he did this by virtue of a lease from her, the term of which was to be five years, and the consideration, the construction of a double cabin. As a matter of fact, he built no cabin and cultivated but one year, and since then the land has lain idle and open. For a five-year lease of 8% acres of land to be worth the the fencing and the clearing of the land and the building of a double cabin the land would have to be susceptible of being made very profitable during the lease, which, we understand, was not the case with this land. We conclude that plaintiff has never divested himself of his interest in this land.
[2] Defendant’s learned counsel deny that one who has signed a document, designed to evidence legal rights, can be allowed thereafter to plead that he did so without reading, in ignorance, and therefore in error; and they cite the decisions of this court in Watson v. Bank, 22 La. Ann. 14, Her v. Evershed, 41 La. Ann. 15, 6 South. 566, and Allen, West & Bush v. Whetstone, 35 La. Ann. 846. The doctrine of those cases is simply this, that where parties reduce their contract to writing, one of them cannot be allowed to plead ignorance of the contents of the writing on the score of not *882 having read it, a doctrine inapplicable to the present case, as the document in question in this case was not a contract between plaintiff and defendant. No'doubt, the party pleading error in such a case must establish the error by very clear proof; but we think the plaintiff has done this in the present case. The testimony is very voluminous, the circumstances adduced pro and con in corroboration, large in number; we spare ourselves a detailed analysis of them, as it would serve no useful purpose.
Judgment affirmed, defendant to pay all costs.