BRUNOT, J.
 

 This is a suit for specific performance. It was met, on the part of Charles A. Tessier, Jr., by the exception of no cause and no right of action, and that plaintiff’s co-owners of the property involved in the suit cannot be impleaded and brought into the litigation as defendants; and, on the part of Mrs. Doretta Bickman, a defendant in the suit and a co-owner of the property, by exceptions of no cause and no right of action and misjoinder of parties. The exceptions of no cause of action and misjoinder of parties were sustained by the court, and plaintiff’s suit was dismissed. From this judgment she appealed.
 

 Mrs. Henry J. Manzella, also a co-owner of the property and one of the defendants in the suit, made no appearance. A preliminary default was entered as to her, but, as the court had maintained the exceptions of no cause of action and misjoinder of parties which were filed by her codefendants, the judge refused to confirm the default and likewise dismissed the suit as to her. The plaintiff also appealed from this judgment.
 

 The purpose of this suit is to compel the defendant Charles A. Tessier, Jr., to comply with his bid and to take title to certain property which the petition alleges was adjudicated to him at an auction sale.
 

 Plaintiff is the owner, in indivisión, of a one-third interest in two tracts of land bordering on Gentilly road, in the Third district of the city of New Orleans, which, with other property that is not involved in this suit, was sold at auction on April 26, 1926, for the purpose of effecting a partition among its co-owners. The properties were advertised and sold as containing about 388.12 acres and about 99.11 acres, respectively, and both properties were adjudicated, as a whole, to the defendant Charles A. Tessier, Jr., for the fixed price of $3,000 per acre, the exact acreage and the total purchase price to be determined by a subsequent survey. There are inconsistencies in the stated area of the properties and in the manner in which they were to be offered for sale, in the advertisement and the conditions appended thereto, which form jjart of it. These inconsistencies are noted in the'brief of counsel for defendant, but we consider them immaterial for the reason that the properties were actually offered as a whole and, as such, were adjudicated to the defendant upon an acreage basis. The advertisement described the properties as follows:
 

 “A certain tract of ground with buildings and improvements thereon situated in the Third district of this city known as Gustav Seeger orange grove, comprising about 388.12 acres bounded by New Orleans Northeastern Railroad, Gentilly road, Industrial Canal, and property of the Lake Shore Land Company, having a measurement of approximately 5,100 feet on Gentilly road by a depth and frontage on the New Orleans Northeastern Railroad of 3,807 feet and the depth on the line of the Industrial Canal.
 

 “A certain lot of ground situated in the Third district of this city, also known as the Seeger plantation, which the Industrial Canal traverses and contains about 91.11 acres and adjoins the property of the Industrial Canal fronting on Gentilly road. Tracts ‘A’ and ‘B’ will be offered as a whole, comprising of about 479 acres, more or less. This property will be sold on acreage basis so much per acre.
 

 $ *1* ^
 

 “Conditions. The orange grove on Gentilly road in tract ‘A’ comprising about 425 arpents, more or less, will be offered as a whole; then tract ‘B’ comprising about 78 arpents will be likewise offered as a whole. Then tracts ‘A’ and ‘B’ will be offered together, and if the bid in a whole is larger than in separate tracts, the property will be adjudicated accordingly.”
 

 The sale was not one per aversionem — i. e., by boundary. Neither party to the suit so contends, for, in that event, neither the action quanti minoris nor that for an increased
 
 *897
 
 price would lie. Plaintiff’s suit is to compel the defendant Charles A. Tessier, Jr., to accept title to 529.07 acres of land, more or less, the area of the property intended to he conveyed, and to pay $3,000 per acre for it; This defendant’s exception of no cause of action is based upon the fact that the salé was not by boundary, but as a whole, upon an acreage basis, and as the alleged area of the property is 529.07 acres, or more than 10 per cent, greater than the area given in the advertisement and in the auctioneer’s procés verbal of the sale, exceptor contends that, under the provisions of C. C. art. 2493, he may recede from the contract. Article 2493 should be read in connection with article 2492. These articles are as follows:
 

 “Article 2492. If the sale of an immovable has been made with indication of the extent of the premises at the rate of so much per measure, the seller is obliged to deliver to the buyer, if he requires it, the quantity mentioned in the contract, and if he cannot conveniently do it, or if the buyer does not require it, the seller is obliged to suffer a diminution proportionate to the price.
 

 “Article 2493. If, on the other hand, there exists an extent of more than what is specified in the contract, the buyer has a right, either to give the supplement of the price, or to recede from the contract, should the overplus be upwards of a twentieth part of the extent which is declared.”
 

 Plaintiff has annexed to and made a part of the petition an exhibit marked A, which contains a correct description of the property that the sellers intended to convey, and has also annexed and made a part of the petition the newspaper advertisement of the property and the procés verbal of the auctioneer’s sale thereof, both of which exhibits describe the property which was actually advertised and sold. In plaintiff’s exhibit A the property is described as containing 529.07 acres more or less, but in the advertisement and procés verbal of the sale it is described as containing about 479.23 acres, a difference in the descriptions of 49.84 acres in area with a resultant difference of $149,500 in the price. This difference shows an overplus of more than 10 per cent.
 

 The appellant contends that the purchase of the property was made:
 

 “Without any indication of the exact acreage, and not for a lump sum but by the acre, and for a price per acre, the total price, by the special agreement of the parties, to depend on the exact acreage to be determined by a subsequent survey. There was therefore no indication, statement or representation by the vendors at the time of the sale as to the extent of this property so as to bring the sale within terms of article 2492, R. O. O.”
 

 Appellant’s whole theory of this case is predicated upon the foregoing premise. It is true that the exact acreage of the property is not given in the advertisement or in the procés verbal of the sale, but it cannot be successfully contended that the advertisement and procés verbal do not indicate the extent of the premises, for the property is described in Both as containing “about 479.23 acres.” The word about, as used in the descriptions, must be construed as the equivalent of the term, more or less, which is the' phraseology commonly used in acts of sale. A sale of an immovable, which describes it as a tract of land containing 100 acres, more or less, at $10 per acre, is a sale with indication of the extent of the premises at a rate of so much per measure, and comes under the letter of article 2492, R. O. C., but the terms of the px-océs verbal of sale contain the following recital:
 

 “The vendors will guarantee to the purchaser acreage as shown on the plan, any difference disclosed by actual survey will be prorated at the purchase price per acre.”
 

 Appellant contends that the foregoing recital was an agreement on the part of the purchaser to take any surplus a survey might disclose, regardless of the extent of the surplus acreage. As a matter of fact, the above recital.is merely a statement of the rights of the parties which either could have enforced, under existing law, in the absence of such a
 
 *899
 
 recital in the proces verbal. Divested of superfluity, all that was done and all that was agreed to by the parties may be concisely but fully stated in these words: The auctioneer advertised and sold, and appellee bought, about 479.23 acres of land, at the price of $3,-000 per acre, all subject to a survey to determine the exact acreage.
 

 There is no allegation1 in the petition, and no agreement in the record, between the parties, indicating that either the -vendors or the vendee waived, or intended to waive, any of their legal rights. Plaintiff’s brief is logical and well-nigh exhaustive, but the premise upon which the real issue is met is faulty, and it is therefore not necessary to consider the other questions discussed and the authorities cited in support of them, for these are, at best, merely collateral matters. Accepting the allegations of the petition and the exhibits annexed thereto as true, and applying article 2493, R. C. C., to the facts shown, the petition does not disclose a cause of action, and the defendant’s exception on that ground was properly sustained.
 

 As this finding- disposes of the case, we see no reason for reviewing the action of the lower court in refusing to confirm the preliminary default entered as to Mrs. Bickman and in dismissing the suit as to her also.
 

 Eor these reasons the judgment appealed from is affirmed, at appellant’s cost.
 

 LAND, ROGERS, and THOMPSON, JX, dissent.