For reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., takes no part.

(118 So. 78)

No. 29202.

### GENTILLY DEVELOPMENT CO., Inc., v. CARBAJAL.

May 7, 1928.

On the Merits, July 2, 1928.

Rehearing Denied July 20, 1928.

See, also, 164 La. 619, 114 So. 489.

Long, Fields & O'Neal, of Shreveport, and Frank P. Kreiger, and Delvaille H. Theard, both of New Orleans, for appellant.

Monroe & Lemann, of New Orleans, for appellee.

On Motion to Remand.

O'NIELL, C. J. This is a suit for a partition by judicial sale of a part of what is called the Seeger tract, referred to in the case of Carbajal v. Tessier, 163 La. 894, 113 So. 138. The plaintiff claims two-thirds interest in the property, and avers that the defendant owns the other third interest. She pleaded that the plaintiff owned the whole property, by virtue of an assignment from Charles A. Tessier, and that he had bought it at the public sale made by S. L. Jacobs, auctioneer, on the 26th of April, 1926. When this suit for partition was filed, the suit of Mrs. Carbajal (defendant in this suit) to compel Tessier to comply with his bid made at the auction sale on April 26, 1927, had not been finally decided. A decision was rendered on April 27, 1927, and a

rehearing was denied on May 23, 1927, relieving Tessier of any obligation to comply with his bid, and allowing him to recede from the transaction, under articles 2492 and 2493 of the Civil Code, because the bid was at a certain price per acre and there was an excess of more than a twentieth—in fact more than a tenth—of the area indicated in the advertisement, and offering of the property for sale. Meantime the plaintiff in this partition suit had bought the two-thirds interest in the property from the two sisters of Mrs. Carbajal. In defense of this suit, she invoked the assignment made by Tessier to the present plaintiff, of Tessier's rights under the adjudication to him by the auctioneer, Jacobs, as the basis of a plea of estoppel. The plea was overruled, and judgment was rendered in favor of the plaintiff, ordering a partition by public sale of the property. This appeal is from that judgment.

The appellant has filed a motion to remand the case in order to introduce in evidence the petition filed by Tessier and a petition of intervention filed by the present plaintiff in a suit against the auctioneer, Jacobs, to recover the 10 per cent. deposit paid by Tessier at the time of his bid, which he was allowed to recede from, by the decree rendered in Carbajal v. Tessier, supra. The suit of Tessier against Jacobs, and the intervention of the present plaintiff, as assignee of the rights of Tessier, were filed after the appeal was taken from the judgment rendered in the present suit. The appellant's counsel contend that the petition of Tessier, and the petition of intervention of the present plaintiff, in the suit against Jacobs, will enlighten us as to the purport and effect of the assignment by Tessier to the present plaintiff, of Tessier's rights under the adjudication made to him by Jacobs on the 26th of April, 1927, which Tessier was allowed to recede from, by the final decree of this court in Carbajal v. Tessier. In their

brief in this court, the attorneys for appellant announced that, in order to show that they were not seeking to retard a decision of this case, they would abandon their motion to remand the case if the appellee would make the following admissions: (1) That the Gentilly Development Company, in the case of Charles A. Tessier, Jr., v. S. L. Jacobs, asserted under oath that that suit had been brought by Tessier in its behalf; and (2) that the said Gentilly Development Company, intervener in said suit, is the identical corporation that is plaintiff in the present suit. The attorneys for appellee immediately made the admissions, unqualifiedly, in a supplemental brief, and, in addition thereto, reproduced, in the printed brief, a copy of the petition filed by Tessier and of the petition of intervention filed by the Gentilly Development Company in the suit of Tessier v. Jacobs, which are the documents which the counsel for appellant claim they desire to introduce in evidence in defense of this suit, and for the introduction of which they desire that the case should be remanded to the civil district court. Inasmuch as it is not disputed that the printed copies of the petition of Tessier and of the petition of intervention of the Gentilly Development Company in the suit of Tessier v. Jacobs are true and correct copies, and inasmuch as it is not the appellee but the appellant who wants the case remanded and reopened for the introduction of these documents in evidence, there cannot be any valid objection on her part to our referring to these printed copies for such information as we may need on the subject, if we find that they can add anything to the purport or effect of the assignment by Tessier to the Gentilly Development Company. Under the admissions made by counsel for the appellee, in response to the proposal of counsel for the appellant, there is no necessity whatever now—if there was ever any necessity—for remanding this case

to the civil district court. We must bear in mind that the plaintiff in a partition suit—more than in an ordinary suit—has the right to insist that the court shall avoid unnecessary delays.

"The judge, before whom the action of partition is brought, is bound to pronounce thereon in a summary manner, by which is always meant with the least possible delay and in preference to the ordinary suits pending before him." Rev. Civ. Code, Art. 1328.

The motion to remand is overruled.

### On the Merits.

BRUNOT, J. The plaintiff and defendant are co-owners, in indivision, of a tract of land commonly known as Gentilly or Gentilly Ridge, situated in the Third district of the city of New Orleans, and containing 511.07 acres. This is a suit for the partition of said property. The prayer of the petition is for the appointment of a notary to make an inventory of the property, for the appointment of appraisers and experts to value the property and to report whether or not it is divisible in kind, and for a judgment recognizing plaintiff as the owner of two-thirds and the defendant as owner of one-third of the property, and decreeing a partition thereof by licitation, the sale to be made at auction by Edward C. Carrere, auctioneer, on terms to be fixed by the court, and referring the parties to Watts K. Leverich, notary public, to complete the partition.

Before answering the suit, defendant filed several exceptions, dilatory and otherwise, and a plea of estoppel. The exceptions were overruled, and the plea of estoppel was referred to the merits.

The answer admits that the property is not divisible in kind, but it alleges that the sale, to effect a partition of it, should be deferred because of abnormally low and unsatisfactory real estate values in New Orleans, due to the unsettled condition of the flood control problem in Louisiana.

The instrument upon which defendant's plea of estoppel is based is the procès verbal by S. L. Jacobs, auctioneer, registered in C. O. B. 411, folio 370, of the sale by said auctioneer, for the Seeger heirs, of two tracts of land to Charles A. Tessier, Jr.

This court held in Carbajal v. Tessier, 163 La. 894, 113 So. 138, which was a suit, filed by this defendant, to compel Charles A. Tessier, Jr., to comply with his bid and take title to the property which had been adjudicated to him, that the adjudicatee had the right to recede from the contract.

The procès verbal referred to contains the following recital:

"By reference to the certificates of the register of conveyances and recorder of mortgages in and for the parish of Orleans, annexed hereto, it does not appear that said property has been heretofore alienated by the vendors or that it is subject to any incumbrance whatever; the vendors hereby declaring that the instruments recorded in the conveyance office for the parish of Orleans, as shown on the conveyance certificate annexed hereto, do not in any manner affect the title to the property hereinabove described and hereby conveyed. Charles A. Tessier, Jr., by his individual signature hereto, expressly confirms the fact that all rights in his favor arising from or based upon the instrument registered in C. O. B. 411, folio 370, have been by him assigned and conveyed to the present purchaser."

The quoted recital is relied upon by defendant as an "estoppel by deed." The property that Charles A. Tessier, Jr., bid in at the sale by S. L. Jacobs, auctioneer, was owned by the Seeger heirs, viz. Mrs. Manzella, Mrs. Bickmann, and Mrs. Henrietta S. Carbajal, in the proportion of one-third to each. After Mr. Tessier had declined to take title to the property, and while the suit was pending, which is reported in 163 La. 894, 113 So. 138, the plaintiff purchased from Mrs. Manzella and Mrs. Bickmann their two-thirds of the property, and Charles A.

Tessier, Jr., joined in said act individually, for the purpose of confirming his assignment to the plaintiff of any and all rights he may have had in the property as the result of the adjudication of it to him by the auctioneer. If defendant's contention be correct, the Gentilly Development Company, Inc., declared in the deed by which it acquired the two-thirds of the property from Mrs. Manzella and Mrs. Bickmann for $977,-140.00 cash, that, at that time, and for some months prior thereto, it was vested with a complete title to, not only the property involved in this partition suit, but to all of the property described in the procès verbal registered in C. O. B. 411, folio 370. To maintain defendant's plea of estoppel, we would be compelled to hold that the recital quoted supra is destructive of the deed in which it appears. It is our opinion that the two district judges who passed upon and overruled defendant's plea of estoppel correctly found that the quoted recital, made in the act of sale from Mrs. Manzella and Mrs. Bickmann to the plaintiff, was, in effect, a mere disclaimer of interest in the property by Charles A. Tessier, Jr., in favor of Gentilly Development Company, Inc. As between the parties to that act of sale, or their privies, we express no opinion as to the effect of said recital in the deed or the extent to which said parties, or either of them, might invoke it, but defendant is not a party to the deed from Mrs. Manzella and Mrs. Bickman to Gentilly Development Company, Inc., and it is the generally accepted rule that:

"Estoppel by deed is operative only between the parties to the deed and to their privies; strangers to the deed are not bound by, and cannot invoke, the estoppel." C. J. vol. 21, p. 1103; Branson v. Wirth, 17 Wall. 32, 21 L. Ed. 566; Deery v. Cray, 5 Wall. 795, 18 L. Ed. 653; Traver v. Baker (C. C.) 15 F. 186, 8 Sawy. 535; Willis v. Sempe, 139 La. 877, 72 So. 427; Saunders v. Busch-Everett Co., 138 La. 1049, 71 So. 153; Farley v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122, L. R. A. 1915A, 200,

Ann. Cas. 1915C, 717; Schultz v. Ryan, 131 La. 78, 59 So. 21; Frederick v. Goodbee, 120 La. 783, 45 So. 606; Lyons v. Lawrence, 118 La. 461, 43 So. 51.

Defendant's contention that the partition sale should be deferred because of the unsettled condition of the flood control problem of Louisiana has become a moot question, and we are relieved of the necessity of determining whether it ever had any merit.

For the reasons stated, the judgment appealed from is affirmed at appellant's cost.