96 So.2d 646

**C. E. SIMMONS**

v.

**Roscoe B. G. COWPER.**

No. 43184.

June 10, 1957.

Rehearing Denied June 28, 1957.

Herbert C. Harrison, Shreveport, for plaintiff-appellant.

Gaharan & Richey, Jena, for defendant-appellee.

SIMON, Justice.

Plaintiff and defendant entered into a written contract dated May 26, 1955, wherein the plaintiff obligated himself to drill and complete an oil well for the defendant for the sum of $5,600 in cash, payable upon its completion. The money was deposited in escrow in the Olla State Bank of Olla, Louisiana. Each of the parties agreed to furnish certain supplies and equipment. In particular, plaintiff agreed to furnish a drilling rig of a sufficient size to drill a well of 2,250 feet, necessary labor, fuel, water and all drill pipe. The defendant, who was the owner of an oil and gas lease covering 40 acres of land in LaSalle Parish, agreed to furnish passable roads, slush pits, derrick and other things as provided by the contract.

Drilling operations were commenced on or about May 29, 1955 and continued until

about June 10, 1955, when a drill pipe stuck and the derrick used in drilling said well collapsed or was pulled down. A disagreement between the parties as to the obligation and condition of replacing said derrick culminated in this suit instituted by plaintiff.

In his petition plaintiff alleged that the fall of the derrick was due to a defective and inadequate foundation; that upon the collapse of the derrick he requested its replacement, but that the defendant failed and refused to replace same thereby causing plaintiff to permanently lose approximately 2,000 feet of drill stem and a core barrel in said well which cannot be retrieved unless and until the derrick is replaced. The defendant being a non-resident of the parish and state, plaintiff caused a writ of attachment to issue attaching money held in escrow by the Olla State Bank, and further caused the Olla State Bank to be made garnishee.

Plaintiff also coupled with this action in rem a suit for damages caused when the derrick collapsed over and across his drilling rig and one of his trucks, for the loss of other equipment and for standby time of his rig, all said damages alleged to be in the sum of $31,152. He also claimed damage due for standby time for his idle rig, allegedly continuing and increasing during the pendency of this suit.

An exception to the jurisdiction ratione personae interposed by defendant to plaintiff's claim for damages, exceptor being a resident of the State of Texas, was heard and sustained by the trial court. Exceptions of no cause or right of action thereafter urged by the defendant to the action in rem were overruled.

In defense to plaintiff's suit in rem defendant denied that plaintiff was entitled to the contractual price held in escrow or that the derrick was pulled over as the result of a defective foundation, and averred that the derrick, meeting all standards for drilling purposes, was furnished in accordance with the terms of the contract and was accepted by plaintiff. Defendant denied any liability whatsoever for the accident as a result of any alleged negligence or as the result of any failure on his part to comply with any obligations under the contract, but averred that the accident was wholly caused as a result of the negligent operation on the part of plaintiff, his agents and employees, in the drilling of the well and in permitting the drill pipe to become stuck.

Defendant further averred that he offered to supply an additional derrick to replace the original one, but that the plaintiff refused to accept same in order to proceed with the completion of his obligations under the contract unless the defendant agreed to pay additional day work time over and above the amount of the contract price agreed upon in the written contract sued on herein.

After the trial on the merits, the trial court rendered judgment in favor of the defendant and rejected plaintiff's suit at his cost. He appealed.

The only issue presented herein is one of fact, whether the plaintiff has, in legal contemplation, fulfilled his obligations under the contract and is therefore entitled to receive the money held in escrow; or whether the plaintiff can be permitted to impose additional conditions or demand increased consideration for the completion of the drilling of the well.

Plaintiff contends that the most important question for the court to determine is whether it was the duty of the plaintiff or that of the defendant, under the terms of the contract, to replace the fallen derrick. This contention was made in full view of the abundance of evidence to prove that an additional derrick was immediately made available to the plaintiff for completion of the well, but that he refused to accept same unless, as above stated, the defendant would assume the obligation of payment of additional day work time over and above the amount of the contract price agreed upon.

The evidence discloses that the derrick supplied by the defendant for use by the plaintiff in drilling the well was erected by W. L. Holmes, a reputable derrick builder, and that said derrick was accepted by the plaintiff as a "good derrick," without inspecting same before setting up his drill rig to drill the well, whereas customary precaution demands that the contractor inspect said derrick and re-leg same as a preventive measure against placing excessive strain of sudden jars and pulls on the derrick such as was imposed on the derrick herein in attempting to dislodge the drill pipe which had become stuck during the course of the drilling. The plaintiff's first attempts to recover the stuck drill pipe were unsuccessful and apparently he realized that it would be an expensive procedure to retrieve the drill pipe and complete the well. He thereupon wrote a letter dated June 11, claiming the money in escrow on the ground that he had drilled the well to the contract depth and further demanded that the defendant assume full responsibility of retrieving the drill pipe and completing the well. In this letter defendant charged the plaintiff with having supplied a defective or unsafe derrick, erected on old cement blocks on an uneven bottom, and further charged that the defective construction was cleverly disguised by piling up dirt around the sides of the concrete corners so that the said faulty workmanship was not discernable to the naked eye.

Plaintiff testified variably that the derrick was good and capable of drilling "a hundred wells;" that it was shaking at one time and that he indicated this condition to Mr. Tidwell, agent for defendant, and offered to supply the legs to re-leg the

derrick; that a heavy rain washed out the foundation from under the derrick and caused its collapse. None of plaintiff's testimony was corroborated, yet it was encumbent upon him to establish, if he could, all the facts and circumstances surrounding the accident by testimony of the employees employed by him to conduct the drilling operations or other witnesses. None of these employees was summoned to clarify the actual facts and circumstances surrounding the accident. Plaintiff himself was not present at the time of the accident.

█ It is shown by a preponderance of the evidence that the collapsing of the derrick did not cause the drill pipe to stick, but that, on the other hand, the sticking of the drill pipe and the pull on the derrick caused it to collapse.

By the terms of the contract the defendant was obliged to pay to plaintiff the sum of $5,600 upon completion by the plaintiff of the drilling of the well and plaintiff was obliged to process the drilling of the well with due diligence until completed. Failure on the part of plaintiff to do so rendered the contract null and void, and stipulated that the money so escrowed be returned by the Olla State Bank to the defendant.

The plaintiff contends that he was prevented from performing his obligations under the contract by failure on the part of the defendant to supply a derrick for the completion of the well, and that therefore

he is excused from further performance or from fulfilling the contract; and being prevented from performing his obligations, he may consider the contract breached. He relies on and cites 17 C.J.S. Contracts § 468, p. 966; LSA-Civil Code, Articles 2040, 2037, 1926, 1931, 1934; Southport Mill, Ltd. v. Friedrichs, 171 La. 786, 132 So. 346; Morrison v. Mioton, 163 La. 1065, 113 So. 456.

On the other hand, defendant contends that the plaintiff cannot enforce benefits under the contract as flow in his favor where he is unwilling or unable to discharge his own undertaking therein, and relies upon the case of Seeger v. Seeger, 169 La. 611, 125 So. 732.

█ Under these facts and circumstances we conclude that the plaintiff having refused to accept an additional derrick and thus complete the drilling of defendant's well under the terms of the original contract between them, failed to perform or complete his obligations under the contract and is therefore not entitled to be paid the money deposited in escrow and attached in this proceeding. The record is barren of any proof tending to show that the defendant caused or contributed to the non-performance of the contract. We further conclude that the defendant was not obliged to enter into another contract, verbal or written, in order to accommodate the increased expense of recovering the stuck

pipe. The plaintiff was obliged to complete the drilling of the well in accordance with his contract entered into on May 26, 1955, in order to recover the benefits therein flowing in his favor.

■ In the case of Seeger v. Seeger, supra, we held that a party seeking to compel a specific performance of a contract must himself show a specific compliance with his own obligation, since the contracting party who is himself in default cannot put the other contracting party in default. In the instant case the plaintiff's refusal to accept a derrick proffered to him by the defendant on the day following the accident, his refusal being based on defendant's refusal to assume additional operational expenses beyond the price and consideration specifically contracted for, constituted a failure and omission on plaintiff's part to have strictly complied with his own obligation, rendering the contract between the parties impossible of specific performance. Pratt v. McCoy, 128 La. 570, 54 So. 1012.

We agree with the principles of law announced in the authorities cited and relied upon by plaintiff; but these authorities are inapposite and inapplicable here in that they present factual situations totally at variance with the facts and circumstances here presented.

■ The record is barren of any proof tending to show that defendant in any manner caused or contributed to the nonperformance of the contract. Conceding for the sake of argument that performance by plaintiff was made impossible by the fortuitous event or irresistible force, thus relieving him from performance, his refusal to accept a substitute derrick unless the terms of the contract were changed, thereby throwing a heavier financial burden on defendant than that contracted for, the nonfulfillment of the contract cannot be held to be the result of a fortuitous event or irresistible force. · Defendant did not prevent the performance of the contract.

■ Plaintiff also contends that though the exception to the jurisdiction, ratione personae, filed by the defendant was properly sustained by the trial court, by the subsequent actions of the defendant in his defense to the action in rem he subjected himself personally to the court's jurisdiction, and that therefore he is amenable to a judgment for damages and that therefore its merits should be considered and determined. We find no merit in this contention. The plea to the jurisdiction ratione personae was specially interposed in limine to the action in damages, and properly sustained; and the trial on the issues in the proceeding in rem was properly proceeded with to judgment.

Accordingly, for the reasons assigned, the judgment of the trial court is affirmed.