285 So.2d 359 (1973)
DORVIN-HUDDLESTON DEVELOPMENTS, INC.
v.
Joseph H. CONNOLLY and Alfred M. Barnes, Sr.
No. 5698.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
Rehearing Denied November 30, 1973.
Writ Granted January 25, 1974.
*360 Huddleston & Davis, Benjamin B. Saunders, New Orleans, for plaintiff-appellant.
Montgomery, Barnett, Brown & Read, Stanley McDermott, Jr., New Orleans, for defendants-appellees.
Before SAMUEL, BOUTALL and DURAN, JJ.
SAMUEL, Judge.
This is a suit for specific performance of a contract to sell and purchase a tract of land located in the City of Kenner, Parish of Jefferson. Plaintiff, the purchaser, seeks to compel the defendants-sellers to transfer the land by lots and squares, minus areas dedicated as streets, avenues and parkways as set out on a plan of subdivision. The defendants answered, contending the contract only obliges them to sell the ground on the basis of raw acreage, and reconvened, seeking forfeiture of plaintiff's deposit of $74,415. Alternatively, defendants prayed for cancellation of the contract on the ground of error.
After trial there was judgment dismissing both plaintiff's suit and the defendants' reconventional demand. Plaintiff has appealed. Defendants have filed an answer to the appeal in which they again seek forfeiture of the deposit.
On February 11, 1971 the parties entered into a contract to sell and purchase, for the sum of $8,800 per acre, "approximately 84.-563 acres, more or less, said acreage to be determined by a new survey to be prepared by J. J. Krebs at the expense of the Purchaser, all of said ground in Section A of Chateau Estates Subdivision, City of Kenner, Parish of Jefferson, State of La., and further shown on a plan of subdivision of Chateau Estates Subdivision made by F. P. Grevemberg, C.E., dated January 20, 1930." The contract provides for a downpayment of 29% of the price established by the Krebs survey, with the balance payable in eight equal semiannual installments at the rate of 7½% interest per annum until paid. The contract also contains the following release clauses:
"For and in consideration of the aforementioned 29% downpayment, Vendors agree simultaneously with the act of sale to release from the effects of the hereinafter referred to first mortgage and vendors lien ten acres of land, said ten acres to run North and South for the full length of the property, and to begin at the Eastern boundary line of said property."
"Purchaser shall have the right to release any and all property from the effects of the first mortgage note and vendor's lien created by virtue of this sale upon payment of $10,000.00 for each acre released, provided the acreage shall not be less than ten acres, and providing further that the released property shall be contiguous to and adjacent to the original ten acres released as aforementioned in paragraph one and running North and South the full length of said property. . . ."
Thus, the terms of the contract clearly reveal that the parties contemplated a sale of acreage with the exact amount thereof *361 to be determined by the mutually acceptable surveyor; the contract contains no mention of a sale by lots and squares.
The Krebs survey was made in due course. It showed there were 86.313 acres of land in the tract in question. However, there existed in the public records of Jefferson Parish a notarial act of dedication of subdivision, dated January 20, 1930, by West Orleans Beach Corporation, Inc., the then owner of the tract, a portion of which act of dedication provides that owner:
". . . does by these presence, now and forever dedicate to public use and in favor of the Police Jury of the Parish of Jefferson, the public in general, the inhabitants of the said Parish of Jefferson, and to whomever it may concern or interest, as free and public highways, the aforesaid streets, avenues and parkways."
The plat of subdivision of even date, by F. B. Grevemberg, Civil Engineer, was attached to the act of dedication and also filed in the public records of Jefferson Parish. This plat was duly approved by the parish engineer and otherwise complied with all requisites of LSA-R.S. 33:5051. Moreover, the Police Jury of Jefferson Parish (the legislative body of the parish at that time) accepted the dedication.
By ordinance dated January 23, 1969, duly recorded in the conveyance records of Jefferson Parish, the Jefferson Parish Council (the legislative body of the parish then and now) rescinded and set aside the dedication of the subdivision on the ground that the action of the Police Jury in accepting the plan of subdivision was ultra vires because the land was situated within the corporate limits of the City of Kenner.
The contract calls for passage of the act of sale on or prior to May 1, 1971 and it contains no provision for any extension of time for passing the act in the event of a title defect. Following the completion of its title examination, on April 15, 1971 plaintiff informed defendants that the subdivision dedication had not been revoked by the City of Kenner and therefore defendants could not convey merchantable title to the dedicated streets within the subdivision. Defendants then presented to the Board of Aldermen of the City of Kenner a proposed ordinance rescinding the subdivision. The ordinance was presented on April 26, 1971, but action thereon was deferred by the Board, which adopted the ordinance on July 12, 1971, two months and twelve days after the contractual deadline for passing the sale. Although defendants had requested an extension of time for passing the sale, the request was refused.
Plaintiff's position is that while the Krebs survey shows 86.313 acres in the area designated as Section A of Chateau Estates Subdivision, 18.187 acres of this land was composed of formally dedicated streets, avenues and parkways, the title to which could not be transferred by defendants since it had vested in the City of Kenner by virtue of the 1930 dedication. Consequently, plaintiff demanded that the defendants sell the area in question by lots and squares minus the dedicated streets, avenues and parkways. Defendants resisted this demand; they were formally placed in default; and this suit followed.
Plaintiff argues the sale was one by a given price per unit of measure and the defendants are obliged to sell the land with a proportionate reduction in the purchase price to allow for the existing streets, etc. in accordance with the express provisions of Article 2492 of the Civil Code.[1] If this argument is correct, and if plaintiff is entitled to the specific performance it seeks, by acquiring title to the property owned by the defendants on May 1, 1971 (the date on which the contract calls for passage of the sale) at a diminished price it also would acquire the area then forming the subdivision streets, avenues and parkways at no cost to it whatsoever. This would *362 occur because, by virtue of LSA-R.S. 9:2971,[2] title to the streets, avenues and parkways inured to the owner of the adjoining land upon the revocation of the subdivision by the Kenner Board of Aldermen on July 12, 1971. Thus, plaintiff would obtain the benefit of the subsequent revocation by acquiring title to those areas at a saving of approximately $160,000 less than the price contemplated by the terms of the contract.
One of the elements of a binding contract is the consent of the parties legally granted.[3] For consent to be legally given there must be an offer by one party which is accepted by the other on the subject matter of the contract and "the will of both parties must unite on the same point."[4] The meeting of the minds of the parties on the substantial elements of a contract is a condition precedent to its validity.[5]
Our civil code recognizes two types of error of fact which are sufficient to invalidate a contract. Error of fact which bears upon the substance or a substantial quality of the subject matter of the contract is sufficient to nullify.[6] There is an error as to the substance of the object of the contract when the thing "is of a totally different nature from that which is intended."[7] The other type of error of fact which invalidates a contract is an error on other than substantial qualities when the mistaken qualities constituted the principal cause or motive of entering into the contract.[8] When the error is to a quality forming the principal cause or motivation of a party, it only invalidates a contract when the other party knew or must be presumed to have known that the desired quality is the principal cause or motivation for the contract.[9] However, when the price of a contract of sale is large and there is doubt as to an error in motive, the courts will lean heavily in favor of one seeking to avoid loss against a party seeking to obtain a gain.[10]
In the instant case the tract never was actually subdivided; no lots, streets, avenues or parkways were ever laid out or constructed on the property. It remained, on visual inspection appeared to be, and was shown to plaintiff's representative as, raw acreage. Prior to the time the contract in suit was entered into, statements were made by or on behalf of defendants to plaintiff's representative to the effect that the property was raw acreage, free from any dedicated subdivision. These statements were made in the belief by defendants, and the record establishes to our satisfaction that they did so believe in good faith, that the old subdivision, existing on paper only, had in fact been revoked by the action of the Jefferson Parish Council in 1969.
The record convinces us that the parties acted in error when they contracted for what they believed was a sale of raw acreage when in fact they were dealing with a subdivided parcel of ground. All parties knew plaintiff intended to develop raw acreage into a subdivision in accordance with its own plans, unfettered by the restrictions of an existing subdivision.
*363 The absence of preexisting restrictions on developing a new subdivision was a substantial plaintiff consideration. Moreover, the property was of a totally different nature from that which either plaintiff or the defendants intended, and the nature of the land as raw acreage clearly was the principal motive or cause for its purchase.
Thus, there was mutual error of fact[11] which bore on both the substance of the thing sold and on the substantial qualities of the land and both parties were aware of the principal cause for the contract.[12] It is highly doubtful that the plaintiff would have agreed to purchase at the contract price if, at the time the contract to sell and purchase was entered into, it had known the land was subject to the subdivision, and we are satisfied that if the defendants had known of the continued existence of the subdivision, they would not have agreed to sell at a price which excluded payment for acreage covered by the streets, avenues and parkways therein.
Neither the plaintiff nor the defendants ever achieved such a meeting of the minds on the object of the sale that the will of both parties "united on the same point".[13] Under such circumstances, a binding contract cannot be said ever to have existed, the alleged contract must be declared a nullity, and the parties must be returned to their pre-contract condition. We conclude the trial court was correct in rejecting both the plaintiff's demand for specific performance and the defendants' demand for forfeiture of the deposit.
For the foregoing reasons, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] See also Carbajal v. Tessier, 163 La. 894, 113 So. 138.
[2] See also LSA-R.S. 9:2981.
[3] LSA-C.C. Art. 1779(2).
[4] LSA-C.C. Art. 1798. See also Directional Adv. Div. of Ebsco. Ind. v. Fairfield, La. App., 248 So.2d 388; Faroldi v. Nungesser, La.App., 144 So.2d 568; Pooler Building Materials, Inc. v. Hogan, La.App., 244 So. 2d 62.
[5] Woodward v. Barringer, La.App., 24 So.2d 200; Haney v. Maryland Casualty Company, La.App., 74 So.2d 332.
[6] LSA-C.C. Arts. 1842-1844; see also Jefferson Truck Equipment Company v. Guarisco Motor Company, La.App., 250 So.2d 211.
[7] LSA-C.C. Art. 1843.
[8] LSA-C.C. Art. 1845.
[9] Jefferson Truck Equipment Company v. Guarisco Motor Company, supra.
[10] Theriot v. Chaudoir, 17 La. 445.
[11] See Kardis v. Barrere, 17 La.App. 433, 136 So. 135.
[12] See Jefferson Truck Equipment Company v. Guarisco Motor Company, supra, and LSA-C.C. Art. 1826.
[13] LSA-C.C. Art. 1798.