298 So.2d 734 (1974)
DORVIN-HUDDLESTON DEVELOPMENTS, INC.
v.
Joseph H. CONNOLLY and Alfred M. Barnes, Sr.
No. 54264.
Supreme Court of Louisiana.
June 10, 1974.
Rehearing Denied August 30, 1974.
*735 Albert J. Huddleston, Huddleston, Davis, Saunders & Miller, New Orleans, F. L. DeSalvo, Foster & DeSalvo, Gretna, for plaintiff-applicant.
Stanley McDermott, Jr., Montgomery, Barnett, Brown & Read, Vincent C. Rodriguez, New Orleans, for defendants-respondents.
SANDERS, Chief Justice.
Plaintiff, Dorvin-Huddleston Developments, Inc., seeks specific performance of a contract for the sale of a tract of land in the City of Kenner. The defendants filed pleas resisting specific performance, reconvened for a forfeiture of plaintiff's $74,415.00 deposit, and, alternatively, pleaded mutual error.
The trial court dismissed both the suit and the reconventional demand. The plaintiff appealed and the defendants answered the appeal, seeking once more the forfeiture of the plaintiff's deposit.
The Court of Appeal affirmed the judgment, invalidating the contract because of error. 285 So.2d 359 (1973).
We granted certiorari, 288 So.2d 353 (1974), to review the judgment of the Court of Appeal.
The facts are reasonably clear. On February 11, 1971, the parties contracted, by written purchase agreement, for the sale of a tract of land in Chateau Estates, a subdivision *736 now under development in Kenner, Louisiana. The land was identified by reference to a plan of subdivision made by F. P. Grevemberg, C.E., dated January 20, 1930. The language most vital to the controversy at bar required that the seller deliver, at a price of $8,800.00 per acre, "approximately 84.563 acres, more or less, said acreage to be determined by a new survey...." The agreement further required a downpayment of 29% of the contemplated total price, a sum which totaled $74,415.00. Title was to be passed on May 1, 1971.
The new survey, when made, showed that the tract contained 86.313 acres, a differential of about one percent from the original estimate. Thus, the excess acreage was insubstantial.
In 1930, however, a formal dedication of streets, and parkways had been made in a recorded but undeveloped subdivision plan. This dedication had been rescinded on January 23, 1969, by the Jefferson Parish Council. The rescission, however, was faulty, because the land was actually in the City of Kenner, outside the area administered by the Parish Council.
When the plaintiff discovered the defective release in its title examination and made it known to the sellers, the sellers attorney prepared a curative resolution for submission to the Kenner Board of Aldermen. It was submitted to plaintiff's attorney, who approved it as to form. It was submitted to the Kenner Aldermen on April 26, 1971.
As of the date set for the sale, May 1, 1971, formal action had not yet been taken by the Kenner Board of Aldermen to rescind the dedication. Thus, the dedication had not been effectively removed from the streets and parkways consisting of 18.187 acres. The sellers sought additional time from Dorvin-Huddleston to allow the Kenner Board to act upon a resolution pending before that body.
Instead of granting the extension, Dorvin-Huddleston demanded delivery of the 68.126 acres, exclusive of the dedicated streets, for the price of $8,800.00 per acre and, on May 3, 1971, filed suit for specific performance. On July 12, 1971, prior to trial, the Kenner Board adopted the resolution; the resolution was introduced in evidence at the trial.
Dorvin-Huddleston relies upon Articles 2491 and 2492 of the Louisiana Civil Code. They provide:
"Art. 2491. The seller is bound to deliver the full extent of the premises, as specified in the contract, under the modifications hereafter expressed.
"Art. 2492. If the sale of an immovable has been made with indication of the extent of the premises at the rate of so much per measure, the seller is obliged to deliver to the buyer, if he requires it, the quantity mentioned in the contract, and if he can not conveniently do it, or if the buyer does not require it, the seller is obliged to suffer a diminution proportionate to the price."
The Court of Appeal correctly stated plaintiff's position, as well as the inequitable result it would produce, as follows:
"Plaintiff argues the sale was one by a given price per unit of measure and the defendants are obliged to sell the land with a proportionate reduction in the purchase price to allow for the existing streets, etc. in accordance with the express provisions of Article 2492 of the Civil Code. If this argument is correct, and if plaintiff is entitled to the specific performance it seeks, by acquiring title to the property owned by the defendants on May 1, 1971 (the date on which the contract calls for passage of the sale) at a diminished price it also would acquire the area then forming the subdivision streets, avenues and parkways at no cost to it whatsoever. This would occur because, by virtue of LSA-R.S. 9:2971, title to the streets, avenues and parkways inured to the owner of the adjoining land upon the revocation of the subdivision *737 by the Kenner Board of Aldermen on July 12, 1971. Thus, plaintiff would obtain the benefit of the subsequent revocation by acquiring title to those areas at a saving of approximately $160,000 less than the price contemplated by the terms of the contract."
Article 2492, relied upon by the plaintiff, applies to a deficiency in the extent of premises, that is, a shortage in area. In the present case, as we view it, there was no shortage of area. In fact, the tract sold contained slightly more acreage than that indicated in the contract to sell. Some 18 acres, of course, was encumbered by a defectively released street dedication, arising from an abandoned "paper" subdivision. The encumbrance can be correctly described as a curable title defect.
Since there was no shortage in area, we conclude that Article 2492 is inapplicable.
Alternatively, defendants contend that there was an error as to the thing sold sufficient to invalidate the contract. They assert that the parties thought they were contracting about raw acreage, when in fact they were confronted by an unrevoked subdivision.
The Court of Appeal held there was mutual error of fact bearing both on the substance and substantial qualities of the land and set aside the contract. In this, we think the court erred.
Articles 1842, 1843, 1844, and 1845 of the Louisiana Civil Code set forth the rules governing error as to the thing that is the subject of a contract. They provide:
"Art. 1842. Error as to the thing, which is the subject of the contract, does not invalidate it, unless it bears on the substance or some substantial quality of the thing."
"Art. 1843. There is error as to the substance, when the object is of a totally different nature from that which is intended. Thus, if the object of the stipulation be supposed by one or both the parties to be an ingot of silver, and it really is a mass of some other metal that resembles silver, there is an error bearing on the substance of the object."
"Art. 1844. The error bears on the substantial quality of the object, when such quality is that which gives it its greatest value. A contract relative to a vase, supposed to be gold, is void, if it be only plated with that metal."
"Art. 1845. Error as to the other qualities of the object of the contract, only invalidates it, when those qualities are such as were the principal cause of making the contract."
The above articles invalidate the contract only if there is an error as to substance of the thing, an error as to a substantial quality, or an error as to another quality that is a principal cause of the contract. In applying these articles to the present case, we note immediately that there was no error as to the identity of the property to be sold. There was also no question as to its suitability for development as contemplated by the purchaser. In truth, the demand for specific performance, itself, speaks loudly as to suitability. Although physical inspection revealed the land to be unimproved pasture land, the purchaser's representative was quickly put on notice of the possibility of street dedication under the abandoned subdivision plan.
In our opinion, the record is insufficient to show an invalidating error. Rather, it clearly discloses the intent of the purchaser to buy whatever land the sellers owned at this site at a price of $8,800 per acre.
Having concluded that the contract to sell is valid, the final question relates to the relief to be granted to the plaintiff-purchaser.
When plaintiff instituted suit for specific performance, its theory of the case, as *738 disclosed in its brief to the trial court, was to enforce immediate conveyance of only 68.126 acres, eliminating from the conveyance the unresolved street dedication. As we have observed, this theory is still advanced. Alternatively, however, plaintiff seeks conveyance of the entire tract of 86.313 acres, admittedly now free of the dedication.
The sellers, however, contend that plaintiff is entitled to no relief, because plaintiffs breached the contract by demanding delivery of only 68 acres and failed to perform in good faith. We reject the sellers' contentions. The record is insufficient to establish a breach of contract or bad faith on the part of the purchaser.
Article 2164 of the Louisiana Code of Civil Procedure provides:
"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable."
The article abrogates the theory of the case doctrine and authorizes appellate courts to render any judgment that is just, legal, and proper upon the pleadings and evidence. See Morgavi v. Mumme, 270 So.2d 540 (La.1972); Grand Isle Campsites, Inc. v. Cheek, 262 La. 5, 262 So.2d 350 (1972).
Plaintiff's petition sets forth sufficient factual allegations to warrant specific performance. We find also that it is supported by the evidence. A just disposition, in our opinion, requires execution of the contract. Otherwise, the sellers will reap a windfall. Concededly, the property has increased in value since the contract was executed. The record, of course, does not disclose the extent of the increase.
For the reasons assigned, the judgment of the Court of Appeal is reversed. Judgment is rendered in favor of plaintiff, Dorvin-Huddleston Developments, Inc., against the defendants, Joseph H. Connolly and Alfred M. Barnes, Sr., decreeing specific performance of the contract dated February 11, 1971, to sell for a price of $8,800 per acre the following described property consisting of 86.313 acres, to-wit:
That property described on survey made by J. J. Krebs & Sons, Inc., C.E., dated March 15, 1971, revised April 19, 1971 as:
THAT CERTAIN TRACT OF LAND, together with all the buildings and improvements thereon and all of the rights, ways, privileges, servitudes, advantages and appurtenances thereunto belonging or in anywise appertaining, situated in the City of Kenner, Parish of Jefferson, State of Louisiana, located in part of Section 37, Township 12 South, Range 9 East and part of Section 37, Township 11 South, Range 9 East, in what is known as CHATEAU ESTATES, SECTION "A": and according to survey thereof made by J. J. Krebs & Sons, Inc., C.E., dated March 15, 1971, revised April 19, 1971, said tract of land is bounded on the East by Section "B" of Chateau Estates, on the South by Sunset Avenue (Canal No. 7), on the West by the East Boundary of University City and on the North by the Lake Pontchartrain Levee Right of Way and is more fully described as follows:
Commencing at an iron pipe and corner, marking the intersection of the western boundary line of Chateau Estates, Section "B" and the Southern boundary line of Chateau Estates, Section "A", run N 64° 46' W along said Southern boundary line of Chateau Estates, Section "A", for a distance of 1615.10 feet to an iron pipe and corner which is the intersection of the East Boundary line of University City and the Southern Boundary line of Chateau Estates, Section "A"; thence run N 2° 43' 43" E along said boundary line for a distance of 1875.90 feet to an iron pipe and corner, which is the intersection *739 of the said West boundary line of Chateau Estates, Section "A" and the Lake Pontchartrain Levee Right of Way; thence run S 84° 17' 30" E along the Pontchartrain Levee Right of Way line for a distance of 366.52 feet to a point or right of way monument (Sta 325 + 50); thence run S 75° 12' 30" E along said Pontchartrain Levee Right of Way line for a distance of 216.90 feet to a point or right of way monument (Sta 327 + 75); thence run S 64° 46' E along said Pontchartrain Levee Right of Way line for a distance of 1774.37 feet to an iron pipe and corner, which is the intersection of the Eastern boundary line of Chateau Estates, Section "A" and the Lake Pontchartrain Levee Right of Way; thence run S 25° 14' W along the said Eastern boundary line of Chateau Estates, Section "A" for a distance of 1894.85 feet to an iron pipe and corner, which is the POINT OF BEGINNING, containing 86.313 acres.
Being the same property acquired by Alfred M. Barnes, and Joseph H. Connolly from Hartco, Inc. by act passed before Vincent C. Rodriguez, Notary Public, dated February 25, 1970, registered in COB 711, folio 889, Jefferson Parish, Louisiana on February 27, 1970.
Accordingly, judgment is rendered ordering defendants to appear at the office of Vincent C. Rodriguez, 614 First National Bank of Commerce Building, New Orleans, Louisiana, at 11:00 a. m. on the first Thursday following the finality of this judgment and then and there pass the Act of Sale of the above described property for the price stipulated subject to a credit of $74,415.00, the amount of the deposit, in accordance with the provisions of the above contract. The purchase price, other than the deposit, shall bear interest at the rate of seven percent per annum from July 12, 1971, until paid.
The reconventional demand of defendants is dismissed.
Pursuant to Louisiana Code of Civil Procedure Article 2164, one-half of the court costs are assessed against the plaintiff and one-half against the defendants.
SUMMERS, J., dissents. I agree with the judgment of the Court of Appeal, 285 So.2d 359.