# LLOYD v. DICKSON.

---

(40 South. 542.)

No. 16,739.

LLOYD v. DICKSON et al.

(Jan. 29, 1906. Rehearing Denied Feb. 26, 1906.)

CONTRACT—ACTION FOR BREACH.

The parties having agreed to join their efforts for controlling a company and for having plaintiff chosen as secretary and local manager, and defendants having thereafter entered into a contract with another party, by which the same positions were to be secured for such other party, *held*, plaintiff has a cause of action for breach of contract.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred. Durieve King, Judge.

Action by Joseph C. Lloyd, Jr., against Robert Dickson and Robert D. Tweeddale. Judgment for defendants, and plaintiff appeals. Reversed.

McConnell & Tullis and William Stirling Parkerson, for appellant. Foster, Milling, Godchaux & Sanders, for appellees.

PROVOSTY, J. The appeal is from a judgment sustaining an exception of no cause of action.

Plaintiff, who is an insurance agent in the city of New Orleans, claims damages for a breach of contract on the part of defendants. He alleges that defendants, who are underwriters in the city of New York, entered into a contract with him by which he and they would jointly endeavor to secure control of the Southern Insurance Company of New Orleans, and that—

"if control of the company could be secured, they would use their influence and support in favor of petitioner for the position of secretary of the company, and manager of the southern department; that the petitioner faithfully performed his part of said contract; and that upon the eve of the completion of the transaction, and when options had been secured upon a majority of the stock in said company, when purchasers to the necessary number and amount had been secured, and when the necessary loan had been arranged through petitioner's bank, the Bank of Orleans, of this city, to carry all the stock necessary for majority control, and all was in readiness to consummate the project, the said Dickson and Tweeddale surreptitiously and without petitioner's knowledge and consent, entered into negotiations with Mr. Albert Godcheaux, of this city, a competitor of petitioner in the business of fire insurance, induced said Godcheaux to take some of the stock embraced in the amount already arranged for as aforesaid, and violating, in the grossest bad faith, their agreement with your petitioner, agreed to make the firm of Godcheaux, Shelby and Mioton, of which said Albert Godcheaux, is a member, the manager of the southern department of the company."

The reason for which it is said the petition fails to show a cause of action is that the obligation of defendant is alleged to have been to "use their influence and support in favor of plaintiff, if control of the company was secured"; that is to say, the obligation was conditional upon the control of the company being secured; and that it is not alleged that control was secured. It is not alleged that the condition was fulfilled; that it is the case of an obligation under suspensive condition, and the condition never fulfilled.

The answer to this is twofold: First, that the obligation of defendant was not to control the company, or to secure the position for plaintiff; but only to endeavor to do both. Perhaps it would be a defense to show that such endeavor would not have succeeded, and that, therefore, plaintiff has not been damaged; but the conclusion from the face of the petition is that it would have succeeded. Second, "the condition is considered as fulfilled, when the fulfillment of it has been prevented by the party bound to perform it." Civ. Code, art. 2040. If instead of standing loyally by their contract with plaintiff the defendants enter into a contract destructive of it, the condition, as a matter of course, can never be fulfilled; but it is perfectly plain that a party cannot get out of his contract in that manner.

The judgment is set aside, and the case remanded for trial; defendants to pay costs of appeal.