(51 South. 1024.)

No. 17,834.

ANDIRAC v. RICHARDSON.

(March 14, 1910.   Rehearing Denied April 11, 1910.)

*(Syllabus by the Court.)*

ATTORNEY AND CLIENT (§ 147*)—CONTRACT FOR CONTINGENT FEE—VALIDITY.

It is lawful for an attorney at law to contract with a client for the payment of a fee conditioned on his success in recovering property or collecting claims.   The amount of the contingent fee, being fixed by contract, is binding on the client, in the absence of fraud practiced, or error induced, by the attorney.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 351; Dec. Dig. § 147.*]

Appeal from Civil District Court, Parish of Orleans;  T. C. W. Ellis, Judge.

Action by Marie Lucie Andirac against F. Rivers Richardson.   Judgment for defendant, and plaintiff appeals.   Affirmed.

T. M. & J. D. Miller, for appellant.   Richardson & Soule and Donelson Caffery, for appellee.

LAND, J.   The petition alleges: That the plaintiff, a French woman unacquainted with the language and customs of the United States, employed the defendant as her attorney to collect certain moneys and notes due her by J. N. Villavasso and the late Eugene Aveilhe, aggregating nearly $4,000.

That the defendant, imposing upon plaintiff's ignorance, and taking advantage of the relations existing between attorney and client, fixed his fee or charge for making the said collections at 50 per cent. of the amount thereof.

That the plaintiff, through ignorance, consented to the said charge, and placed the business in the hands of the said Richardson accordingly, through ignorance of the customary and equitable fees charged by attorneys for such service, although the said charge of 50 per cent. was excessive and exorbitant, and contrary to good conscience and the ethics of the legal profession.

That defendant has collected for account of plaintiff about $3,864.15, and that, allowing the defendant a fair and usual fee of 10 per cent. for making said collections, there would be a balance of $3,477.74 due plaintiff, subject to a credit of $1,129.75 received from the defendant.

Plaintiff prays for judgment for $2,347.99, or such larger sum as may be found due on a settlement of accounts.

The defendant, after excepting to the petition, answered, denying all the allegations of the petition except such as might be admitted, and setting forth an express contract for a contingent fee of 50 per cent. made with plaintiff as a condition of his employment.

The answer further sets forth a full history of the nature of the claims of the plain-

tiff against the two parties named, the uncertainty and difficulty of collecting anything from either of them, and the services rendered and amounts collected from time to time during a period of three years.

The answer avers that defendant owed the plaintiff a balance of $527.32, which he had tendered prior to the institution of the suit, and which the plaintiff refused to accept.

Defendant's exception of no cause of action seems to have been cumulated with the merits, and was not decided by the judge below. There was judgment in favor of the plaintiff for $560.25, and costs. Plaintiff has appealed, and the defendant has answered praying that the judgment be reversed, and that his exception be sustained, and the suit be dismissed, with costs.

1. Considering the relations which should exist between an attorney and his client, we are not prepared to hold that the allegations, although vague, do not show a cause of action.

2. The evidence does not support the allegations of ignorance and imposition.

Plaintiff's husband lived and died in Louisiana, after a residence of two years. He appears to have left a last will and testament, and that Eugene Aveilhe, a Catholic priest, was his executor. The probate record was not offered in evidence. The interest of the widow in the estate is not shown. We gather from the testimony of the witnesses that the executor loaned $3,843 to J. N. Villavasso, taking eight interest-bearing notes; that the executor collected some of these notes, and the remainder were turned over by him to the plaintiff; that one of these notes was paid to an attorney for the plaintiff; that in 1904 the plaintiff came to New Orleans with four notes aggregating $2,080.41; that Villavasso had become insolvent in fact and unable to meet his obligations; that the plaintiff consulted three different lawyers about her claims against the maker of the notes and the executor, but none of them would take her case; and that she, finally, accompanied by an interpreter, came to defendant's office and employed him.

It is clearly shown that the defendant told the plaintiff that he would not undertake the collection of claims of such a nature for less than a contingent fee of 50 per cent., and that the plaintiff, then and there, with a perfect understanding of the propositions, employed the defendant to collect such claims, aggregating $4,000, as alleged in the petition, and agreed to pay him a commission of 50 per cent. on the amounts collected. The receipt for the four notes signed by the defendant and delivered to the plaintiff reads:

"Rec'd of Mrs. Pochelu for collecting on contingent fee of fifty per cent., the following notes," etc.

Almost all of the receipts for money collected and paid to the plaintiff under the contract show on their face that the defendant retained one-half of each collection as commissions.

The case presented is one where a contract with an attorney for a contingent fee for the collection of doubtful claims has been made and executed. Plaintiff's suit is really one to annul the contract on the ground of error and imposition. The allegations of error and imposition are not sustained by the evidence.

Under the jurisprudence and statutes of this state, it is permissible for an attorney to contract for a contingent fee. In Clay v. Ballard, 9 Rob. 308, 41 Am. Dec. 328, it was held that the promise of an additional conditional fee to an attorney at law for his services in a case, to be paid in the event of a decision in favor of the obligors, is legal, and for a sufficient consideration. See, also, Morgan v. Brown, 12 La. Ann. 159; Société

de Bienfaisance v. Morris & Co., 29 La. Ann. xv (not reported in full); Martinez v. Succession of Vives, 32 La. Ann. 305. By Act No. 124 of 1906, p. 210, a first privilege is granted to attorneys for the amount of their professional fee on all judgments obtained by them, and on the property recovered by such judgments, and it was made lawful for an attorney by written contract signed by the client to acquire as his fee an interest in the subject-matter of the suit, binding on the opposing party after notice. It is well known that this statute was passed to protect attorneys employed on promise of contingent compensation; and it is equally well known that contingent fees frequently amount to 50 per cent. of the claim recovered by suit. It is proven that the defendant had previously been paid by another party a contingent fee of 50 per cent. for collecting a claim against Father Aveilhe, who did not own any visible property subject to seizure, and whose ability to pay seemed to depend on revenues derived from his church.

Aveilhe, as executor, claimed that he had made a full settlement with the plaintiff by turning over to her the Villavasso notes, and at first denied all responsibility. But defendant threatened suit, and the executor was finally induced to agree to pay $1,000, and to become security for the payment of the balance due on the notes. Defendant collected from Villavasso only $80 in four equal payments, and Father Aveilhe made payments in small amounts from time to time until his death. The balance then remaining unpaid was represented by Father Aveilhe's notes.

It appears that the defendant made a thorough investigation of the administration of the executor, familiarized himself with the affairs of the estate, and insisted on a strict accounting. The executor employed the defendant as attorney to col-

lect a judgment in favor of the succession against a Mrs. Henry. This judgment had been considered worthless, but, being recorded, operated as a mortgage on property subsequently inherited by Mrs. Henry. It seems that the defendant caused a fi. fa. to issue, and that thereupon Mrs. Henry paid the amount of the judgment to the defendant as attorney for the executor. Defendant entered satisfaction of the judgment on the record, and wrote to the executor informing him of the collection, of his charge of 10 per cent. for his services, and that he had credited the plaintiff with the residue, to wit, $472.50. Defendant retained one half of this sum, and paid the other half to the plaintiff. The complaint that the defendant should not be permitted to make this double charge for fees is not well founded. If another attorney had collected this judgment, and the amount less 10 per cent. had been turned over by the executor to the defendant, as attorney for the plaintiff, she would have received the same amount paid to her by the defendant. The contract between the parties did not bind the defendant to act as attorney for the succession without compensation. In this matter there was no conflict of interest between the executor and the plaintiff.

As the amount of the percentage was fixed by contract between the parties, the alleged exorbitancy, in the absence of fraud, is no defense.

Judgment affirmed.