No. 2543

Second Circuit

---

## ALEXANDER HAMILTON INSTITUTE v. MADDEN

---

(May 22, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Sales—Par. 79, 84.**

The purchaser of books, where the seller is not guilty of any misrepresentation, fraud or deceit, cannot take advantage of his own wrong by refusing to read the books, returning them to the seller and refusing to pay for them.

2. **Louisiana Digest—Accord and Satisfaction—No. Par.; Obligations—Par. 9.**

Accord and satisfaction is something more than an undertaking by one party to do or perform something; the other

party must accept, otherwise there is no contract.

Appeal from the City Court of the City of Shreveport.  Hon. David B. Samuel, Judge.

Action by Alexander Hamilton Institute against J. H. Madden.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

H. V. Booth, of Shreveport, attorney for plaintiff, appellant.

L. Percy Garrot, of Shreveport, attorney for defendant, appellee.

ODOM, J.  On January 5, 1923, the defendant, under written contract, agreed to enroll with plaintiff for a "Modern Business Course and Service" extending over a period of two years, the service to be rendered by plaintiff to include twenty-four text books or bound volumes, modern business talks, directing the reading of the text, one to be issued every two weeks, modern business lectures, one every month, and modern business service, consisting of answers to all inquiries in connection with the course, these latter consisting of written or printed letters or answers to be mailed regularly to defendant by plaintiff during the entire course of two years.

For all the books and service to be rendered by plaintiff, defendant agreed to pay $136.00.  He paid on the contract $26.00, leaving a balance due of $110.00.  After some six weeks from the date on which the books were received and the plaintiff had begun to send out the instructions and circulars provided for in the written contract, defendant returned the books to plaintiff, at the same time writing plaintiff, he says, in substance, "I am returning the books and I wish you to accept them in full payment of my contract with you."

When the books and the letter were received by plaintiff, it replied by letter dated April 19, 1923, that the books had been offered for delivery, but as no reason was given for their return and as the books were defendant's property, plaintiff would hold them "subject to your order and to be returned to you at your direction."

Plaintiff brought the present suit to recover $110.00, the balance due under the contract.

The defense set up in the answer is that "plaintiff misrepresented the books, course, and service to him" and that he signed the contract sued on "under misrepresentation" and that "the books were not of the kind represented to him, and that the lectures, instructions, and service were inferior to the lectures, instructions and service plaintiff represented it would send and give to him."

It is further alleged in the answer that defendant kept the books about six weeks and returned them in full "accord and satisfaction" of the claim against him, "surrendering at the same time his right to lectures, instructions and service."

There was judgment in the lower court rejecting plaintiff's demands and it appealed.

The judgment appealed from is manifestly erroneous.  There is no proof whatever that plaintiff was guilty of any misrepresentation, fraud or deceit.  It agreed to render the defendant certain services, which included the delivery of certain books, on business methods, together with printed matter in the way of lectures and instructions on business matters and methods, and answers to questions with reference to business problems, and the representation which it made was that a reading of the books and study of the course as

outlined would improve defendant as an accountant and render him more efficient in his line of work.

There is no direct proof and nothing from which we may draw the inference that defendant would not have been improved and benefited by reading the books and following the course outlined by plaintiff, for all of which defendant bound and obligated himself to receive and follow.

Defendant received the twenty-four books, but did not read them. He says that he read only five of them and that the reading of the five was only partial or casual and by no means thorough. The course was to continue over a period of two years, but he refused to read the books and returned them and surrendered at the same time, so he alleges in his answer, "his right to the lectures, instructions, and service" at the end of six weeks.

As a witness in his own behalf, defendant said:

"I could not find or did not learn anything from the books that would have been of any practical use to me."

How could he learn anything from the books if he did not read them?

He, of course, could learn nothing from the course and could not be benefited by it unless he followed it, which, he says, he failed to do. His failure to receive the benefit was due to his own neglect and not to any misrepresentation by plaintiff.

Plaintiff's representation that defendant would gain advantage from the course and defendant's enrollment for the same necessarily implied acceptance of the instructions offered and some effort on defendant's part.

At the time the case was tried, in May, 1925, defendant was note-teller in the City Savings Bank & Trust Company of Shreveport and he classified himself as a "bank clerk" and he said as the course was one in "accounting" he saw nothing in it which would benefit him in that capacity.

But we note that at the time he made and signed the contract, on January 5, 1923, he resided at Haynesville, Louisiana, and was then cashier of the Home Trust & Savings Bank. When he made the contract he no doubt thought the course would help him in his capacity of cashier of the bank, which involves knowledge of accounting. Just when he changed positions and came to Shreveport is not stated, but it is possible that when he made the change and became a bank clerk or note-teller he reached the conclusion that the course would not benefit him in that line, which may account for his refusal to carry out his contract.

But, be that as it may, the fact is that there is no proof that plaintiff misrepresented the facts or was guilty of any deception, and defendant has offered no good reason why he should have defaulted on his contract to pay for what he ordered.

It is admitted that the books were all delivered as ordered, and while defendant says he received only part of the printed matter in the way of lectures and instructions, plaintiff's witnesses testify that they were all mailed to him as per the contract.

By the terms of the written contract, signed by defendant, he obligated himself to pay for the books and the course. Plaintiff fulfilled its part of the contract, which specifically provides: "This contract is not subject to revocation. No reduction or allowance will be made on account of refusal or inability to enter upon or continue the course."

Defendant breached the contract by refusing to continue the course. No one can take advantage of his own wrong.

State ex rel. Belden vs. Burgess, 23 La. Ann. 227.

Lloyd vs. Dickson, 116 La. 90, 40 So. 542.

Defendant pleads that he tendered to plaintiff the books which he had received "in full accord and satisfaction of the amount due under the contract."

"An accord is an *agreement* whereby one of the parties undertakes to give or perform *and the other accepts* in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than what he is or considers himself entitled to, and a satisfaction is the execution of such agreement."

1 C. J. 523.

Defendant returned the books to plaintiff and surrendered his right or claim to further instruction, and he calls that "accord and satisfaction." Accord and satisfaction is something more than an undertaking by one party to do or perform something; the other party must accept, otherwise there is no contract. An accord is an "agreement," and a "satisfaction" is the execution of such agreement. There was no agreement.

Without consulting plaintiff, defendant returned the books. Plaintiff refused to accept them in satisfaction of the claim and so notified defendant immediately.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be reversed and avoided, and it is now ordered, adjudged and decreed that the plaintiff, Alexander Hamilton Institute, do have judgment against and recover from defendant J. H. Madden the full sum of one hundred and ten dollars ($110.00) with interest at 5% per annum from judicial demand and all costs.