HAND, J.
 

 Plaintiff sues on a written contract with defendants to recover the sum of §7,800, alleged to be the balance due of an attorney’s fee of §10,000, which was stipulated in the contract to be paid by defendants for professional services to be rendered by plaintiff under its terms.
 

 Judgment was rendered in the lower court in favor of plaintiff and against the defendants, Mrs. Henrietta Carbajal, Mrs. Dorettá Biekmann, and Mrs. Marie Manzella, for the amount claimed, with legal interest from May 8, 1928 until paid.
 

 All the defendants’ have appealed.
 

 The contract upon which plaintiff relies for recovery was entered into February 9-, 1926, and was signed by the defendants and by F. W. Gaudin and Jacques K. D’Avricourt, the plaintiff, as attorneys for the defendants. Under the terms of this contract, each of the
 
 attorneys
 
 was
 
 to
 
 receive a fee of §10,000 for his services. It is admitted that Gaudin has been paid in full.
 

 The contract in question was made by defendants in order to adjust the differences among themselves as the heirs of Mrs. Henrietta. Seeger, their deceased mother, and to effect a final settlement of her estate.
 

 We are not concerned with these differences between defendants in the present suit. Our sole province now is to construe the. terms of the contract, in so far as they relate to the professional services to be performed by plaintiff, and to determine whether, under the facts of the ease, plaintiff is entitled to recover on the contract the balance of tihe fee for which he sues.
 

 The part of the contract pertinent to the issues now before us reads as follows:
 

 “The parties hereto do further agree that they employ the services of J. K. D’Avricourt and F. Wilfred Gaudin, to take such legal steps as may be necessary to place the heirs in possession of the said estate and to effect a sale of the said property, within thirty days after the heirs have been placed in possession of the estate of the said decedent. The par
 
 *623
 
 ties hereto do further agree that they will pay the said J. K. D’Avricourt and the said P. Wilfred Gaudin, the sum of ten thousand dollars each, in full settlement of all services as attorneys in the administration of the estate of the said decedent, Mrs, Henrietta Seeger, payment to be made sixty days after the heirs have been placed in possession.”
 

 It is further provided in the contract “that the property of said estate is to be sold at a public auction, to be held in the city of New Orleans by S. D. Jacobs, auctioneer, without limit or reserve upon such terms and conditions as said heirs may agree upon. It is understood and agreed that said auctioneer shall charge for his services one and one-half per cent, of the adjudicated bids of the said property.
 

 “The parties hereto do further agree to appoint P. W. Gaudin as notary to effect the partition of said estate and to pass the acts of sales to all adjudica tees.”
 

 On April 6, 1926, all of the property comprising the estate of Mrs. Henrietta Seeger was sold at public auction by S. L. Jacobs, auctioneer. The Gentilly tract was adjudicated to Charles A. Tessier for approximately $1,500,000. The Canal, Franklin, Howard, and Tulane street properties were adjudicated to the defendant Mrs. Henrietta Carbajal, for approximately $763,000.
 

 Tessier, the adjudicatee of the Gentilly tract, refused to comply with his bid. The plaintiff, D’Avricourt, was of the opinion that Tessier could not be forced to pay the bid. The defendants Mrs. Biekmann and Mrs. Manzella then sold their two-thirds interest in the Gentilly tract to the Gentilly Development Company.
 

 The defendant, Mrs. Carbajal, thereafter employed other attorneys to bring suit to compel Tessier, the adjudicatee, to satisfy his bid and lost the case. Carbajal v. Tessier et al., 163 La. 894, 113 So. 138.
 

 A suit is now pending in this court (125 So. 732
 
 [1]
 
 ) in which the defendants Mrs. Biekmann and Mrs. Manzella seek to compel the defendant Mrs. Carbajal to comply with her bid, as adjudicatee of the four properties sold to her at public auction by S. D. Jacobs, auctioneer, on April 6, 1926. These defendants have also employed other attorneys to prosecute this suit.
 

 When the defendants Mrs. Biekmann and Mrs. Manzella sold their interest in the Gen-tilly tract, the most valuable part of the estate of Mrs. Henrietta Seeger, this property became segregated from her estate, and could no longer be included in its mass, and be sold to effect a partition and to make a final settlement among the heirs, as intended by the contract of employment of plaintiff, of date February 9, 1926.
 

 The contention of these particular defendants that plaintiff has not complied with his contract, since the property of the succession of Mrs. Henrietta Seeger has not yet been sold and the proceeds partitioned, is fully answered by the fact that these two defendants, themselves, have prevented the performance of the contract by selling their interest in the Gentilly tract to the Gentilly Development Company.
 

 It is expressly provided in article 2040 of the Civil Code that: “The condition is considered as fulfilled, when the fulfillment of it has been prevented by the party bound to perform it.”
 

 The contract of sale of the two-thirds interest of Mrs. Biekmann and Mrs. Manzella to the Gentilly Development Company was clearly an act, on their part, of entering into another contract destructive of their first contract with plaintiff. A party cannot get
 
 *625
 
 out of his contract in that manner. No one can be permitted to take advantage of his own wrong. Lloyd v. Dickson et al., 116 La. 90, 92, 40 So. 542.
 

 The plaintiff is therefore entitled to recover on the contract against the defendants Mrs. Bickmann and Mrs. Manzella. But the defendant Mrs. Carbajal occupies a different position, in our opinion.
 

 After the adjudication to Tessier of the Gentiily tract, she insisted upon compliance with his bid, and even brought suit to enforce such compliance. She refused to join the other defendants in withdrawing from the contract with plaintiff, and declined to sell her undivided one-third interest in the Gen-tilly tract.
 

 Nor can her refusal to comply with her bid, at the auction sale of April 6, 1926, on the properties of the succession of Mrs. Henrietta Seeger, be held a violation of the contract upon which plaintiff sues, as she had a legal right to decline to comply, for the reasons assigned in the opinion this day handed down in suit No. 30111 on our docket
 

 Plaintiff’s contract requires him to effect sales of all of the property of the succession of Mrs. Henrietta Seeger, so that the proceeds may be partitioned among her heirs, the three defendants. This has not been done, and can no longer be done, because of the sale by two of the defendants of their two-thirds interest in the Gentiily tract. The condition of the contract has been fulfilled, not actually, but technically, by the prevention of its performance by two of the defendants, who have thereby made themselves liable on the contract
 

 This is not • the case, however, as to Mrs. Carbajal. She has done nothing to breach this contract, nor to prevent its performance, and, as plaintiff has not complied with it, his right to recover is not on the contract, but on a quantum meruit for services rendered to Mrs. Carbajal up to the date of sale by the two defendants of their interest in the Gentiily tract, August 18, 1926.
 

 Appellee prays for damages for a frivolous appeal. In our opinion, this is not a proper case in which to inflict such damages upon the appellants.
 

 It is ordered that the judgment appealed from be amended, by dismissing the suit as to the defendant Mrs. Henrietta Carbajal, at plaintiff’s cost, and that the right of plaintiff to recover upon a quantum meruit for services rendered to her be reserved.
 

 It is further ordered that the judgment appealed from be also amended, by reducing the amount of $7,800 to $5,200, and that, as amended herein, the judgment be affirmed.
 

 O’NIELL, C. J., dissents from the ruling that Mrs. Bickmann and Mrs. Manzella violated their contract with plaintiff by compromising with Tessier, as they did, 'instead of attempting to compel him to comply with his bid, which this court has decided he could not be compelled to comply with.
 

 [1]
 

 Ante, p. 611.