**ACADIAN PRODUCTION CORPORATION OF LOUISIANA v. LAND.**

No. 10513.

Circuit Court of Appeals, Fifth Circuit.

June 1, 1943.

Rehearing Denied June 29, 1943.

Samuel J. Tennant, Jr., of New Orleans, La., for appellant.

Joseph H. Jackson, of Shreveport, La., and George S. Graham, of New Orleans, La., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

John R. Land, Jr., a lawyer, filed action for appointment of a receiver for a certain oil, gas, and mineral lease covering proper-

**2**

ty situated in St. Martin Parish, Louisiana. He also asked to be adjudicated owner of an undivided interest in the lease by virtue of two contracts for professional services entered into with Acadian Production Corporation of Louisiana. By final judgment, unappealed from, appointment of a receiver was denied. This appeal by Acadian Production Corporation is from a summary judgment which determined that Land was the owner of an undivided .17858886 interest in the lease.

■ It is first contended that the District Court for the Western District of Louisiana was without jurisdiction to determine the question of ownership of the lease for the reason that the domicile and principal office of Acadian Production Corporation is at New Orleans, Louisiana, in the Eastern District of Louisiana. In the proceedings below it was stipulated that there was a diversity of citizenship and that the amount in controversy was in excess of $3,000.00. The essential elements being present, the general jurisdiction of the trial court was established. No plea or objection of improper venue was entered by the defendant corporation and any right it may have had to be sued in another district may be considered waived. Northern Indiana R. Co. v. Michigan Central R. Co., 56 U.S. 233, 241, 15 How. 233, 241, 14 L.Ed. 674; Alexander v. Hillman, 296 U.S. 222, 240, 56 S.Ct. 204, 80 L.Ed. 192; Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

The facts were not fully developed below, but from the record before us it appears that on May 23, 1940, Iberia Petroleum Corporation instituted Suit No. 13,707 in the Louisiana State Court against Acadian Production Corporation. This suit involved the title to the oil and gas lease under which Acadian was allegedly claiming a 68¾% interest in 7/8ths of the oil, gas and minerals in and under the lands covered by the lease. By contract dated May 28, 1940, Acadian employed Land to "prosecute or defend any and all claims * * * in connection with the property." As compensation for rendering such legal services Land was to receive "a sum equal to twenty-five (25%) percent of the amount received in any compromise or settlement." Under this contract neither party was to have the right to settle, compromise, or discontinue any claim without written consent of the other party.

On May 22, 1940, Acadian instituted Suit No. 13,706 against Alex W. Swords and others. This suit involved title to a 3/16ths part of the 68¾% of the 7/8ths portion of the oil, gas, and other minerals which had been assigned to Acadian by Iberia Petroleum Corporation. By employment contract dated May 20, 1940, Land and another lawyer had been employed by Acadian to prosecute this claim. The lawyers were to receive as compensation "a sum equal to fifty (50%) percent of the amount received in any compromise or settlement, or recovered by judgment." This contract also provided that the case could not be settled or compromised without written consent. See Louisiana Act No. 124 of 1906.

On December 15, 1941, with Land out of the State and not participating, a "Stipulation Made Among Counsel" was entered in the State Court. In this instrument the parties agreed that Suit No. 13,707 of Iberia was to be dismissed with the interests of Iberia and Acadian recognized as set forth in their original agreement. Acadian agreed to dismiss its suit, No. 13,706, against Swords and others. Both suits were to be dismissed with prejudice. The instrument provided: "Any right which John R. Land has or may have in any of these matters is not considered as being affected by this compromise agreement." At a later time Land consented in writing to this agreement.

On this state of the record the District Judge entered summary judgment holding Land to be entitled under the contract of May 28, 1940, to an undivided interest in the lease of ¼th of 68¾% of 7/8ths of the oil, gas, and other minerals in and under the land. Under the contract of May 20, 1940, Land was held to be entitled to an additional undivided interest of ¼th of 3/16ths of 68¾% of 7/8ths of the oil, gas, and other minerals.

■ The summary judgment procedure provided by Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, may be availed of to bring an action to prompt conclusion when the pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Port of Palm Beach Dist. v. Goethals, 5 Cir., 104 F.2d 706; American Ins. Co. v. Gentile Bros. Co., 5 Cir., 109 F.2d 732, 735;

Whitaker v. Coleman, 5 Cir., 115 F.2d 305. The record made below does not present a case for summary judgment. There were no depositions or affidavits which made the facts clear, but on the other hand the pleadings raised important issues which should have been determined only after a full hearing. It is admitted that the employment contracts were entered into by the parties. Land alleges performance of the services required of him, and here asserts that further performance by him was cut off by compromise and settlement of the suits. These allegations, if true, would entitle him to recovery in accordance with the contracts. United Gas Public Service Co. v. Christian, 186 La. 689, 173 So. 174. Here, however, the allegations of performance are specifically denied by Acadian, and the issue thus raised, being a material one of fact, should be determined only after a full hearing at which both parties are given an opportunity to present proof of the facts alleged by them. This is especially true of the issues respecting the interest claimed under the contract of May 28, 1940, on which recovery is claimed for settlement and compromise of Suit No. 13,707 of Iberia against Acadian.

■ As to the recovery allowed under the contract of May 20, 1940, for services alleged to have been performed in prosecuting the claim against Swords and others, we find nothing to support the award. The contract of employment provided that the named attorneys were to receive compensation equal to fifty per cent of the amount received in any "compromise or settlement, or recovered by judgment". The "Stipulation Made Among Counsel" provided that this suit, No. 13,706 was to be dismissed by Acadian with prejudice, and Acadian was to recover nothing against the defendants. The allegations of Land's pleadings and Exhibit D attached thereto show that on February 18, 1942, he entered written consent to such disposition of the matter. We find no support for the portion of the judgment allowing recovery under the contract of May 20, 1940, for services in connection with State Court Suit No. 13,706.

On remand evidence may be taken and the issues fully developed so that findings of fact and conclusions of law may be entered upon which a proper judgment may be predicated. The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Costs.

■ The appellant designated the printing of all proceedings, pleadings, evidence, and exhibits filed below. In reviewing the record of 183 printed pages we find that approximately one-third of the record is made up of material pertaining to an intervention and matters having no bearing on the questions presented by the appeal. The Court, therefore, of its own motion, imposes one-third of the cost of printing the record on appellant. See Rule 23 of the rules of this Court, and Knutson v. Metallic Slab Co., 5 Cir., 132 F.2d 231.