REGAN, Judge
(concurring).
I respectfully concur. I am of the opinion that the rationale expressed in the case of Orphan Asylum v. Mississippi Marine Insurance Co., 1835, 8 La. 181, decided approximately 124 years ago and exclusively relied upon as a basis for the Court’s opinion, should be re-examined for the purpose of re-evaluating or reformulating the principles of law enunciated therein with respect to the attorney-client relationship, since the matter is of vital interest to the Bar and its clientele.
A careful review of the jurisprudence has disclosed no other Louisiana case exactly in point. And it is significant that while this case has been referred to by the Courts on several or more occasions, the rationale thereof has never been relied on by either the Supreme Court or the Courts of Appeal.
In the Orphan Asylum case, the attorney had been retained for one year for $500 by the Mississippi Marine Insurance Co., and about three months thereafter he was discharged as its attorney. He then assigned his claim for this fee to the Orphan Asylum and then instituted suit on its behalf for recovery thereof.
The question posed for the Court’s consideration was whether an attorney under a retainer for one year for $500 was to be considered a hired servant under LSA-Civil Code Article 2747 or a laborer hired for a fixed term under Article 2749. The ratio decidendi of the Court’s holding was:
“If the employer of an artisan, or even a common laborer, when the contract is made for a specific sum to be paid for services to be rendered during a fixed period, cannot discharge the hireling unless for good cause, without being responsible for the payment of the price of the whole term of service, what sound reason can present itself to the mind of any person, why one who contracts to give the use of his mental exertions and services to another should not have a right to claim the entire benefit of a contract made for a determined periodV’ (Emphasis supplied.)
The attorney-client relationship and the jurisprudence emanating therefrom has been thoroughly analyzed in 18 Louisiana Law Review 690 (1958). A concise review thereof will serve to point up why the rationale appearing in the Orphan Asylum case should be re-examined.
“The attorney-client relationship is fiduciary in nature. It imposes upon *821 the attorney the duty of dealing with his client only on the basis of strict fidelity and honor, and involves the highest personal trust and confidence by the client in his attorney. * * *
t- * * * *
“The relation of attorney and client is created only when there is an express or implied contract for the professional services of an attorney at law.
* * * * *
“A number of Louisiana cases have •dealt with the question of whether the attorney-client relation constitutes a hiring of labor or a mandate. The importance of this question lies in the fact that if the contract is considered a ‘hiring’ and is terminated by the client without cause, the attorney may recover the balance of any compensation due him under the terms of the contract,39[1] but if the contract is considered a ‘mandate,’ it is revocable at the will of the client, and he need pay the attorney only the reasonable value of his services to the moment of termination.40[2]. * * *
“The general rules as to termination of agency, or mandate, apply to the attorney-client relation except in the situation where the contract is treated as one of a hiring of labor. * * *
* * * * * *
“The major function of* a mandatary is to perform juridical acts that affect the principal’s legal relations with third parties. By virtue of the provisions of the Code his services are gratuitous unless otherwise stipulated, and any compensation which he receives is considered an honorarium, not a salary. On the other hand, an employee’s function is not to perform juridical acts in the name of his employer, binding him to third persons, but merely to work for him, for which he receives a salary as compensation.42[3] Following this reasoning in Gurley v. [City of] New Orleans,43[4] the Louisiana Supreme Court held that an attorney at law acting as assistant counsel for the city was to be considered a mandatary because he was vested with the power to represent the party for whom he acted. Thus as a general proposition, a contract for legal services is considered a mandate under Civil Code Article 3028 44[5] because of the power of the attorney at law to represent his client in dealings with third persons. The result of so classifying the attorney-client relationship is to make it revocable at the will of the client.45[6] if the power of the attorney is revoked, he may recover the reasonable value of services rendered up to the time revocation takes *822 place.46[7] However, this general principle does not apply:47[8] where the retainer constitutes a hiring of labor within the provisions of Article 2749 (according to the Orphan Asylum case) ; where the attorney is appointed in a will; where the power of the attorney is coupled with an interest; and where the contract between the parties stipulates that neither the attorney nor the client may dispose of the case without the consent of the other.48[9] (Emphasis supplied.) * *
“To be considered a hiring under the provisions of Civil Code Article 2749 and thus not revocable at the will of the employer, a contract for services must be for a certain time and for a fixed salary. When an attorney is retained for a definite period at a fee of a certain amount, the contract will constitute a hiring if the attorney is not required to act in a representative capacity.50[10] * * *
[In this case the contract required that the attorney “shall attempt to make amicable adjustment in all controversial matters; that he shall defend all law suits directed against Mosquito Hawks, Inc.; * * * that * * * he will file suit on all claims by Mosquito Hawks, Inc.”]
“ * * * As previously indicated, if the contract is considered one of hiring, he may recover the stipulated fee; if considered one of mandate, then recovery will be limited to the reasonable value of the services rendered for which no compensation has been paid. * * * On the other hand, if the attorney is representing his client the contract should be considered a mandate. Recent cases have dealt only with situations where the contract between attorney and client was properly considered one of mandate, and it is possible that the court would apply the same reasoning to the contract presented here, whether the attorney was acting in a representative capacity or not.
“When a contract, not complying with R.S. 37:218, is for the rendition of particular legal services requiring that the attorney act in a representative capacity for an indefinite time, the relation comes within the general rule, being considered a mandate which the client may revoke upon paying the attorney the reasonable value of his services rendered prior to the time of revocation. This rule applies where the attorney is retained on a contingent fee or for a stated sum, or where the fee consists of fixed amounts which are dependent upon the degree of success in litigation.
“However, there are two cases which cannot be reconciled with the foregoing analysis. In United Gas Public Service Co. v. Christian,57[11] on a contract providing for a contingent fee, and in D’Avricourt v. See-ger,58 *823 [12] on a fixed fee contract, recovery was allowed oil the grounds that the client’s action in breaching the contract prevented the attorney from performing thereunder, and that therefore under the provision of Civil Code Article 2040, the contract was to be considered as having been performed by the attorney. These two decisions are based on a general principle of contract law as enunciated in Lloyd v. Dickson,60[13] a case which did not involve the attorney-client relation. Although justice to the parties appears to have been achieved by allowing full recovery on the contract by the attorneys in each of these cases, it is submitted that these decisions are out of harmony with the vast majority of cases involving the attorney-client relation, and that it would be better to apply the general rule of mandate in such cases.
“The second exception to the rule that the relationship constitutes a mandate terminable at will appears where an attorney at law is designated in a testament as the attorney to settle the estate. In such a case a special relation arises between the heirs and the attorney, which is considered neither a hiring nor a mandate, with the result that the heirs are powerless to revoke the attorney’s authority.”
Of course, what has been said herein-above has no application where a present interest in mineral rights is transferred to an attorney; the attorney enjoys a power coupled with an interest and may continue the suit to secure his interest although the client may dismiss the action as to himself, thus terminating his attorney’s power of representation.[14]
In view of what has been said herein-above, I am of the opinion that the rationale expressed in the Orphan Asylum case should be reviewed or reformulated, since, as I have said, the matter is of vital interest to the Bar and its clientele and since the answer to the question of whether an attorney-client contract for a certain time and a fixed fee is to be considered a hiring, if the attorney is engaged to act in a representative capacity, appears to be unsettled.

1. “39. La.Civil Code art. 2749 (1870) : ‘If without serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.’ ” Orphan Asylum v. Mississippi Marine Ins. Co., 8 La. 181 (1835).

2.“40. La.Civil Code art. 3028 (1870) : ‘Except in the case of irrevocable powers of attorney, as described in the preceding article, the principle may revoke his power of attorney, whenever he thinks proper.’ ”

3. “2 Planiol, Traite elementaire de droit civil §§ 3019-3020 (4th ed. 1952); La. Civil Code art. 2991 (1870).”

4. “41 La.Ann. 75, 5 So.2d 659 (1889). This holding is weakened to some extent by an alternative holding used to support the court’s decision.”

5. See note 2 supra.

6. “Succession of Robinson, 188 La. 742, 178 So. 337 (1937); Gurley v. [City of] New Orleans, 41 La.Ann. 75, 5 So. 659 (1889); Crane v. Sladovich, Docket No. 7680, Teissier’s Digest of Unreported Decisions 25 (La.App.1923). [See La. and Southern Digest.]”

7. “Foster, Hall, Barret & Smith v. Haley, 174 La. 1019, 142 So. 251 (1932); Succession of Le Blanc, 2 La.App. 364 (1925).”

8. “Irrevocable powers of attorney, as enumerated in Article 3027 of the Louisiana Civil Code, are not considered in this Comment.

9. “This stipulation must comply in all respects with La.B.S. 37:218 (1950).

10. “The question of whether an attorney-client contract for a certain time and a fixed fee would be considered a hiring if the attorney were engaged to act in a representative capacity appears to be unsettled. However, following the principle recognized in the Gurley case that one acting in a representative capacity is a mandatary, it would seem that if an attorney were required to act in such a capacity the contract would be properly considered a mandate even though it was for a definite period and at a stated fee, certain in amount.”

11. 186 La. 689, 173 So. 174 (1937).

12. 169 La. 620, 125 So. 735 (1929).

13. 116 La. 90, 40 So. 542 (1906).

. See McClung v. Atlas Oil Co., 148 La. 674, 87 So. 515 (1921).