Dennis D. **CARLSON**, Plaintiff-Appellee,

v.

**NOPAL LINES**, T. Smith and Sons, Inc., Defendants-Appellees,

George W. **Reese**, Intervenor-Appellant.

No. 72–1035

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 5, 1972.

* ■ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of ▌

New York et al., 5 Cir., 1970, 431 F.2d 409.

George W. Reese, pro se.

Darleen M. Jacobs, New Orleans, La., for Dennis D. Carlson.

William E. Wright, New Orleans, La., for Nopal Lines.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

GODBOLD, Circuit Judge:

The appellant is an attorney who was employed under a Louisiana statutory contingent fee contract. He appeals from a decree declining to award him compensation under the contract and instead granting him compensation on a quantum meruit basis. The District Court reached its conclusions on the basis of erroneous legal standards, so we vacate the judgment and remand for further proceedings.

By written contract dated November 27, 1970, the appellant George Reese, an attorney at law in Louisiana, was retained to represent Dennis Carlson in the prosecution of Carlson's then-pending suit in the Eastern District of Louisiana for injuries sustained while working as a carpenter on a ship moored at a wharf in the Port of New Orleans.[1] The contract provided, first, that Carlson granted to Reese a one-third interest in any judgment that might be obtained and, second, that neither party would settle or dispose of the case without the consent of the other. The Louisiana statute permits attorneys to "acquire as their fee an interest in the subject matter of the suit . . . whether [it] be for money or for property." L.S.A.–R.S. 37:218.[2]

Carlson became dissatisfied with Reese's services, and in a letter of June 18, 1971, dismissed Reese as his lawyer. Reese wrote in reply to Carlson on June 22, acknowledging receipt of the letter of dismissal and asserting a willingness to perform under the contract and an intention to enforce its provision for the contingent fee. Carlson then wrote a

---

1. The suit had been filed on November 19, 1970, in District Court by O'Keefe, O'Keefe & Berrigan as counsel for plaintiff Carlson. By a motion to the Court on February 11, 1971, Reese's firm was substituted in place of Carlson's original counsel. Because Reese's firm was later dissolved, Reese was individually enrolled as Carlson's counsel pursuant to the District Court's order of June 7, 1971.

2. The full terms of the statute are as follows:

"§ 218. *Contracts for fees based on proportion of subject-matter; stipulations concerning compromise*

"By written contract signed by the client, attorneys at law may acquire as their fee an interest in the subject matter of the suit, proposed suit, or

letter asking Reese to withdraw as counsel of record in Carlson's pending federal case, and Reese filed a motion to withdraw on June 24, 1971.

Reese then filed a motion to intervene in the pending suit, seeking enforcement of the contingent fee contract. The motion was granted, and a hearing was held before the District Court, sitting without a jury, to determine the nature of Reese's rights, if any, to attorney's fees. The Court found that the "employment contract between the plaintiff [Carlson] and Mr. Reese was valid as complying with the provisions of L.S.A.–R.S. 37:218," but went on to hold "that the withdrawal of Mr. Reese as counsel of record—albeit pursuant to the request of plaintiff—constituted an exception to the provisions of the revised statutes regulating an attorney's acquisition of an interest in a lawsuit, and that that action by Mr. Reese invalidated the one-third interest in the plaintiff's suit allegedly claimed by Mr. Reese." The Court did grant Reese the right to recover "on a quantum meruit basis" for services rendered, in an amount not to exceed $1,200, but any such recovery was to be "pursuant to the original contingency aspects of the employment contract. . . ." Reese appeals from this decision.

■■■ While we agree with the District Court that the contingent fee contract complied with L.S.A.–R.S. 37:218,[3] we find no authority to support the holding that Reese's purely formal act of

withdrawal as counsel of record automatically cut off his right to enforce the contract. A client may discharge his attorney, even a contingent fee attorney, and the attorney may not then insist that the attorney-client relationship continues after discharge. But the power to discharge, and the fact of discharge, are not determinative of the discharged attorney's rights under a Louisiana statutory contingent fee contract. The lawyer's rights under such a contract turn at least in part on whether the lawyer's performance gives the client good cause for dismissal or whether the dismissal frustrates what had been satisfactory performance of the attorney's obligations. *See* Acadian Production Corp. of Louisiana v. Land, 136 F.2d 1, 3 (5th Cir. 1943); United Gas Public Service Co. v. Christian, 186 La. 689, 173 So. 174 (1937). Because the District Court erroneously based its decision on Reese's withdrawal of record after the dismissal by Carlson, we vacate the judgment and remand the cause for further proceedings. We express no opinion as to the ultimate merits of appellant's claim for a contingent share of any recovery Carlson might win in his personal injury suit and, if appellant is held not entitled to recovery under the contract, of the extent of quantum meruit compensation.

Vacated and remanded for further proceedings not inconsistent with this opinion.

Costs are taxed against plaintiff-appellee.

claim, in the prosecution or defense of which they are employed, whether the suit or claim be for money or for property. In such a contract of employment, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file it with the clerk of the district court in which the suit is pending or is to be brought and have a copy made and served on the opposing party and due return made as in case of petitions in ordinary suits. After such

service, any settlement, compromise, discontinuance, or other disposition made of the suit or claimed by either the attorney or the client without the written consent of the other is null and void and the suit or claim shall be proceeded with as if no such settlement or discontinuance had been made."

3. Appellee's contention that Reese cannot enforce the contract because Reese did not file it with the District Court, where Carlson's suit was pending, prior to the time Carlson dismissed him is without merit. Robinson v. Hunt, 211 La. 1019, 31 So.2d 197, 204–205 (1946).