293 So.2d 216 (1974)
Mary Altizer GUILBEAU, Plaintiff-Appellant,
v.
FIREMAN'S FUND INSURANCE COMPANY, Defendant-Appellee.
No. 4479.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1974.
*217 W. Glenn Soileau, Ville Platte, for plaintiff-appellant.
William Tracy Barstow, Opelousas, for defendant-appellee.
Before FRUGE, MILLER, and DOMENGEAUX, JJ.
FRUGE, Judge.
W. Glenn Soileau, an attorney at law instituted this action in order to determine the proper disposition of settlement funds deposited by defendant insurance company in the registry of the lower court. Attorney's fees in regard to this deposited sum are claimed by both Mr. Soileau and W. Tracy Barstow, the attorney first retained by Mary Altizer Guilbeau in this matter. Mr. Soileau sought to have Mr. Barstow's attorney's fees set by the lower court on a quantum meruit basis but such request was denied. An appeal was taken by Mr. Soileau from the lower court's judgment. We reverse.
On August 25, 1971, plaintiff, Mary Altizer Guilbeau, was involved in an automobile accident with the defendant's insured. Mr. Barstow was initially retained as counsel by plaintiff and filed suit on August 24, 1972, one day prior to the running of the applicable prescriptive period. The only other action taken by Mr. Barstow prior to the filing of this petition was the execution of a contingent legal retainer contract (as provided by LSA-R.S 37:218) with plaintiff.
On June 7, 1973, the plaintiff communicated by letter with Mr. Barstow and informed him that she had retained new counsel and also requested the complete file of the case. Mr. Barstow was also told that he would be paid as soon as the case was settled. On June 12, 1973, Mr. Soileau was entered on the court record as attorney for plaintiff.
Through the efforts of Mr. Soileau a compromise settlement with the defendant insurance company in the amount of $4,500 was effected. Mr. Barstow being informed of the proposed settlement asserted that he had a contract calling for a one-third contingent fee and thereupon filed in the record a copy of his contract with the plaintiff.
As stated in the case of Dickerson v. Scholvin, 261 So.2d 110, 112 (La.App. 4th Cir., 1972),
".... the effect of LSA-R.S. 37:218, is to make legal a contract between client and attorney wherein the client may assign to the attorney, and the attorney may acquire as his fee, an interest in the subject matter of the controversy involved. This statute further provides: (1) That the parties may stipulate that neither the attorney nor the client, without the written consent of the other, may settle, compromise, release, discontinue or otherwise dispose of the suit or claim; ..."
Insofar as the contract between Mr. Barstow and the plaintiff is legal, the contract itself establishes the law between the parties. La.C.C. Art. 1901). However, this is not to say that in the instant matter the contract is absolutely and unalterably binding, in regard to the effect to be given the provisions, terms, and conditions of the instrument itself.
In the recent case of Carlson v. Nopal Lines, 460 F.2d 1209, 1211 (5 Cir., 1972), the following was stated in regard to a contingent fee contract made in compliance with LSA-R.S. 37:218.
"... A client may discharge his attorney, even a contingent fee attorney, and the attorney may not then insist that the attorney-client relationship continues after discharge. But the power to discharge, and the fact of discharge, are *218 not determinative of the discharged attorney's rights under a Louisiana statutory contingent fee contract. The lawyer's rights under such a contract turn at least in part on whether the lawyer's performance gives the client good cause for dismissal or whether the dismissal frustrates what had been satisfactory performance of the attorney's obligations..."
With the foregoing in mind, we note that under our law, "Every condition must be performed in the manner that it is probable that the parties wished and intended that it should be." (La.C.C. Art. 2037). During a period of nearly two years, Mr. Barstow did no more in the prosecution of this case than file the initial petition. There is no other evidence of record from which it can be determined that Mr. Barstow undertook further activity on behalf of his client. We conclude that the lawyer's lack of performance on behalf of his client gave good cause for his dismissal on June 7, 1973.
While the statute permits attorneys to "acquire as a fee an interest in the subject matter of the suit. ...", we are firmly of the opinion that this statute envisions an earned fee. It would not be reasonable to assume the legislature intended that the execution and filing of a contingency fee contract would assure the attorney of a full one-third interest, irrespective of the amount of work actually done on behalf of his client.
The fee actually earned by Mr. Barstow is protected by the statutory contract previously executed and filed into the record in these proceedings. As we deem quantum meruit applicable, the fee is determined on the basis of the work product of the attorney. See Kramer v. Graham, 272 So.2d 716 (La.App. 3rd Cir., 1973), for a similar fixing of attorney's fees on a quantum meruit basis.
The only evidence of services performed by Mr. Barstow is exhibited by the original petition which he drafted and filed. However, the value of this undertaking must be set at $500 in accordance with the figure judicially confessed as due. Mr. Soileau, in his rule to set Mr. Barstow's attorney's fees in the trial court, deemed $500 to be the value of Mr. Barstow's services. In spite of our contrary feelings, we are powerless to reduce this amount (La.C.C. Art. 2291).
For the above and foregoing reasons, we reverse the judgment of the trial court and render judgment as follows. It is hereby ordered, adjudged, and decreed that the fees of W. Tracy Barstow are to be set in the amount of $500. Costs of this appeal are to be assessed against Mr. W. Tracy Barstow.
Reversed and rendered.