**UNITED SUPPLY & MFG. CO. OF DELAWARE**

**v.**

**TUCKER, BRONSON & MARTIN.**

**No. 14563.**

United States Court of Appeals
Fifth Circuit.

Feb. 12, 1954.

Motion to Reconsider and Amend Decree Denied March 8, 1954.

W. C. Perrault, Baton Rouge, La., James J. Morrison, Rudolph R. Schoumann, New Orleans, La., Thomas A. Landrith, Jr., Tulsa, Okla., of counsel, for appellant.

H. M. Holder and T. Haller Jackson, Jr., Shreveport, La., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for attorneys' fees due plaintiff upon a contract for a contingent fee. The claim, as set out in a complaint in twenty-eight numbered articles, was: that, beginning in February of 1951, through Ben Reagor, in charge for defendant of its business activities in the State of Louisiana, defendant consulted plaintiff, acting through H. M. Holder, about the long delinquent account of one R. P. Phillips; that in May of 1951, defendant having decided to institute suit against Phillips, and Reagor having advised Holder that defendant did not desire to obligate itself for a substantial cash payment, Holder orally outlined a contingent fee basis[1] for handling the matter, and, at the request of Reagor, put the agreement in letter form,[2] and on that basis plaintiff was retained; that suit was filed and Phillips was personally served; that thereafter Reagor, advising Holder that the controversy with Phillips had been settled on a basis agreeable to defendant, provided the suit was dismissed, requested by letter[3] that the suit be dismissed, and same was dismissed; and that later, upon refusal of defendant to pay its fee according to the contingent fee contract, this suit was instituted.

The defendant set up as its first defense that the complaint failed to state a claim against appellant "plaintiff being entitled only to have its fee fixed by the proper court on a quantum meruit basis." For the remainder of its answer it admitted each and every fact alleged by plaintiff in each article of its answer, except the existence of the jurisdictional

1. As to this, Reagor testified:

"Q. I am speaking, Mr. Reagor, of the conversation that we had when it was determined that you were going to sue Phillips; the conversation you and I had concerning what my fee arrangement would be in the matter? A. I am not sure, but I think if the suit was settled you were to get fifteen per cent, something like that."

"Q. And do you recall you called me on the telephone one Saturday morning, I believe it was, and discussed with me the fee arrangement and told me that you would be by the office later and for me to put it in letter form so you could pick it up and send it to the home office? A. I am sure I did that, but I don't remember the conversation."

2. The letter dated May 24, 1951, reads as follows:

"May 24, 1951

"Mr. Ben Reagor
131 Preston Street
Shreveport, La.

"Dear Sir:  In Re: United Supply and Mfg. Co. v. R. P. Phillips, Well Service, Lafayette, La.

"Concerning the above matter and particularly with reference to the fee arrangement, we wish to advise that as we understood it, your company would pay all costs incurred. We would receive a nominal fee in the event the proposed action was unsuccessful. By nominal, we mean $100 to $200 to be determined by the amount of time spent.

"In the event the proposed action was successful in whole or in part, we are to receive a contingent fee of 15% of the net amount realized. In this connection we assume that the note has a provision for attorney's fee, which would be included in the 15% contingent fee.

"We trust the foregoing is satisfactory to you.

"Very truly yours,
Tucker, Bronson & Martin."

3. The letter dated June 20, 1951, reads as follows:

"New Orleans, La.
June 20, 1951

"Mr. Horace M. Holder,
Tucker, Bronson & Martin
Commercial Bldg.,
Shreveport, La.

"Dear Sir:

"Confirming our phone conversation of even date regarding suit United Supply & Mfg. Co. v. R. P. Phillips, I have been advised by my Tulsa Office that Mr. Phillips has arranged to take care of this indebtedness; therefore, I have been advised by them to have this suit withdrawn.

"Yours very truly,
/s/ Ben Reagor
Ben Reagor"

amount alleged in the eighth article.[4] It denied only the conclusion of Article 11, that defendant was indebted to plaintiff, and that of Article 28 that plaintiff was entitled to an accounting.

Thereafter the cause coming on for trial before the court without a jury, and the evidence, including the testimony of Holder and that of Reagor set out in note 1 supra, all in, the district judge, in an oral opinion,[5] found the law and the facts with the plaintiff and gave judgment accordingly.

Defendant, taking a suspensive appeal is here urging: that the contract or mandate for a contingent fee was revocable and was revoked; that plaintiff is not entitled to recover on the contract but only on *quantum meruit*; and that in any event contingent fee contracts and attorneys fees generally are under the supervision of the Louisiana Supreme Court, and the Federal Court was, therefore, without jurisdiction of the suit.

We do not think so. On the contrary, the requisite diversity and amount existing, we think it plain, upon the record made, that there was jurisdiction in the court below; that the complaint stated an enforcible claim; that the undisputed facts establish that the contract was made and performed by plaintiff as agreed, or, if it was not so performed, it was because performance was prevented by defendant; and that the judgment was right and must be affirmed.

■ Of appellant's contention made for the first time on appeal, that contingent fee contracts in Louisiana are always subject to court supervision and therefore federal courts do not have jurisdiction of a suit by a Louisiana attorney to recover upon one, it is sufficient to say that appellant cites no authority in support, and that, on its face, the position is repugnant to the principles governing diversity jurisdiction.

■ Of appellant's position that the contingent fee was shockingly unreasonable, it is sufficient to say that no such contention was made below and that, considering, as the district judge pointed out, that the fee was contingent and

**4.** As to this paragraph, defendant alleged: "Defendant, in answer to Paragraph 8 of the complaint, avers that, while plaintiff's suit is for more than $3000, exclusively of interest and costs, the matter really in controversy is the value of plaintiff's professional services on a quantum meruit basis which are worth far less than $3000, exclusive of interest and costs."

**5.** This in part was:
"The contract in this case which is represented by letters—the ultimate contract—there was some discussion between the defendant in this case and Mr. Holder, on the part of the plaintiffs, about fees and it was arranged to defer that until there was something conclusive determined about the claim with Reagor, but it was definitely arranged, according to the letters—I have read them before in connection with summary judgment, and according to my recollection there was a contingent fee, and all lawyers know that on a contingent fee basis the lawyer charges more than if he is paid a cash fee, and in this instance it was fifteen percent, and after the defendant company made its settlement with Phillips and accepted the notes which were

in installments, I believe, over a considerable period of time—the stipulation filed this morning indicates the last note had been paid. The defendant has realized the amount of money which the stipulation shows was received.

"At the time the defendant employed the plaintiff in this case, he didn't know whether he would receive a cent, or not, and Mr. Reagor frankly testified he was worried about it and he was not willing to risk much good money, as indicated by his wanting to know what the fee was in advance, and the fee was then on a contingent basis, which indicates he was not going to risk putting out good money for bad.

"The defendant in this case didn't know what Phillips was doing, that is, he didn't have any faith in what Phillips was doing with Hawkins and, I think, this matter should now be viewed from the standpoint of what the situation was when these attorneys were employed and the agreement on the fee was fixed on a percentage basis and that the evidence supports their right to recover that contingent fee of fifteen percent of what was realized on these claims.

"Plaintiff can have judgment in that amount."

that no evidence was offered showing or tending to show that as such it was at all unreasonable, the claim that it makes here that it was, is wholly unmeritorious.

■ Appellant's position that the attorney client relationship is a revocable mandate, that the dismissal of the suit by plaintiff at defendant's request was a revocation, and that plaintiff could not sue on the contract but must sue in *quantum meruit*, is we think, completely untenable. In the first place, nowhere in the record can any evidence be found showing or even indicating that defendant attempted, or even intended, to revoke the contract or that defendant at the time of the request of plaintiff to dismiss the suit had anything in mind except to carry out the contract of settlement, one of the terms of which was that the suit be dismissed. Indeed, the court in effect so found.

■ In the second place, if the proof would support a finding that it had planned the dismissal as a means of avoiding payment of the fee contracted for by preventing the entry of judgment in the action, Louisiana decisions make it plain that Article 2040 [6] of the LSA–Civil Code, dealing with obligations, would prevent its action from having this effect.[7]

Appellant's reliance on Succession of Carbajal, 139 La. 481, 71 So. 774, as completely settling the appeal in its favor, will not at all do. For there it was conceded that the client had terminated the contract and dismissed the attorney, while here, not only was this not done but Reagor, who, for the client, had made the contract with plaintiff, without contradiction testified that it was the understanding that plaintiff was to be entitled to the contract recovery if the suit was settled.

The appellant's whole case, as pressed here, seems to be: that, after carefully working out the terms of the contract so that it would be saved from cash outlay, causing the suit to be instituted, and thereby forcing a settlement, one of the conditions of which was that the suit be dismissed, and requesting and securing the dismissal, not of its attorneys but of the suit, it must be deemed, though the record neither supports nor tends to support this view but supports quite the contrary view, to have schemed and planned to deprive plaintiff of its agreed fee.

Upon this record, the scheme and plan now put forward as implicit in the agreements made and the actions taken below is a completely ineffective afterthought to defeat a substantial and just claim by a technical defense as unsubstantial as it is unwarranted.

The judgment was right. It is affirmed.

6. Art. 2040: "The condition is considered as fulfilled, when the fulfillment of it has been prevented by the party bound to perform it."

7. D'Avricourt v. Seeger, 169 La. 620, 125 So. 735; United Gas Public Service Co. v. Christian, 186 La. 689, 173 So. 174. Cf. State v. Barrow, Man.Unrep.Cas., La., 332.